THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD MOORE, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered June 12, 1962 after a jury trial, convicting him of manslaughter in the first degree, and sentencing him as a second felony offender to serve a term of 10 to 30 years. Judgment reversed on the law and a new trial granted. The findings of fact implicit in the jury's verdict are affirmed. Although the testimony adduced was conflicting as to whether the defendant committed the act of which he was accused, the evidence was more than ample to support the jury's verdict and an affirmance would ordinarily be compelled. However, in view of the closeness of the case and the prejudicial error which we conclude was committed by the prosecutor, we believe the interests of justice require a new trial. The defendant took the stand and became a witness in his own behalf. While a defendant in a criminal trial is never obliged to become a witness, when he elects to testify in his own behalf he may, like any other witness, be cross-examined concerning any previous vicious or criminal acts of his life, including any prior convictions, which have a bearing on his credibility as a witness (*People* v. *Sorge*, 301 N. Y. 198). On direct examination the defendant admitted that he had a prior conviction for manslaughter in the first degree for killing another with a knife during a gang fight. In the instant case the defendant was indicted, *inter alia*, for manslaughter in the first degree. It was claimed by the prosecution that during a gang fight the defendant killed the deceased with a knife by stabbing him in the groin while the deceased was against a fence. On defendant's cross-examination as to his prior conviction, the prosecutor elicited from him that he had also stabbed someone "underneath the belt line" while the person was against a fence. Further allusion to this fact was made by the prosecutor in his summation to the jury. In our opinion, such cross-examination exceeded the scope of proper or permissible interrogation. Proof as to the prior conviction was for the sole purpose of impeaching the credibility of the defendant as a witness. We are not concerned with proof of other crimes permitted by statute or the exceptions referred to in *People* v. *Molineux* (168 N. Y. 264), which are not applicable here. The defendant may not be questioned about other criminal acts or convictions for the purpose of showing from character or experience a propensity or predisposition for commission of the crime for which he is then being tried (*People* v. *Russell*, 266 N. Y. 147). It appears to us that the purpose of impeaching defendant's testimony was accomplished by his admission as to the prior conviction. The prosecutor's further inquiry could serve no purpose other than to show an inclination or tendency on the part of defendant which might impel him to commit the crime for which he was then on trial (cf. *People* v. *Zackowitz*, 254 N. Y. 192). In our opinion, this prejudiced the right of the defendant to an impartial consideration of the competent evidence adduced upon the trial (cf. *People* v. *Vollmer*, 299 N. Y. 347; *People* v. *Reger*, 13 A D 2d 63). Justice requires a new trial, even in the absence of objection or exception to the impropriety (Code Crim. Pro., § 527; *People* v. *Mezzapella*, 19 A D 2d 729). It should also be noted that the District Attorney is in accord with the views here expressed. In his brief he urges that the judgment of conviction be reversed and a new trial ordered on the ground stated. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.