STATE of Missouri, Respondent,

v.

William Thomas SCOTT, Appellant.

No. 55045.

Supreme Court of Missouri, Division No. 2.

Nov. 9, 1970.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

G. Carroll Stribling, Jr., St. Louis, for appellant.

MORGAN, Judge.

Charged as a second offender, defendant was tried to a jury and found guilty of second degree burglary and stealing. The court assessed sentences of eight years for burglary and five years for stealing to be served concurrently.

Defendant contends he was denied a fair trial for several reasons, but the controlling issue submitted requires an answer to this question—after an accused has taken the witness stand to testify in his own behalf, and admitted the nature and number of his prior convictions, may the prosecutor inquire as to all of the details reference the prior offenses?

In the case now being reviewed, defendant was charged with having broken the glass entrance door of the Custer Heating Company at 4317 Duncan Avenue in the city of St. Louis on January 14, 1969, and entering and stealing therefrom, among other items, one adding machine. In disregard of counsel's advice not to testify, because of his prior record, defendant took the stand as a witness. Using the acceptable trial tactic of attempting to lessen the "sting" of his prior record, defendant immediately admitted three prior convictions for burglary.

During cross-examination, the prosecutor, over objection and request for a mistrial, was allowed to inquire as to details of the previous offenses. Some of the questions, which defendant was called on to answer before the jury, were:

"Q. —Isn't it a fact that in 1962 you were convicted of burglarizing the Continental Oil Company located at 5025 Manchester, by breaking the glass pane out of their front door?

\*  \*  \*  \*  \*  \*

Q. —You plead guilty to it because you were guilty?

\*  \*  \*  \*  \*  \*

Q. —Isn't it a fact, in connection with that burglary, you were also convicted of stealing an Underwood adding machine and a calculator from the Continental Oil Company?

\*  \*  \*  \*  \*  \*

Q. —Isn't it a fact, sir, that in 1962 you were convicted of burglarizing the White Supply Company, located at 4347 Duncan by breaking a window with your elbow?

\*  \*  \*  \*  \*  \*

Q. —Isn't it a fact that that White Supply Company is right down the block from the Custer Brothers?

\*   \*   \*   \*   \*   \*

Q. —In connection with that burglary weren't you also convicted of stealing a calculator and an adding machine from the White Supply Company?"

It is conceded by counsel that defendant, by taking the stand to testify in his own behalf, "subjected himself to cross-examination as to the number and nature of his prior convictions of felonies," but he submits that the "questions asked by the prosecutor at the trial of this cause so wholly overstepped and went beyond the authority granted to it under the statute [Section 491.050] that reversible error resulted." It is further submitted that, "While the reports are replete with cases decided by this court concerning the ability of the prosecution to prove prior convictions when a defendant takes the stand, appellant has been unable to find any case from this jurisdiction dealing effectively with the specific issue raised in this appeal."

We need not review the multitude of cases wherein an effort has been made to protect the rights of a defendant in his dual capacity as an accused and as a witness. State v. Beckner, 194 Mo. 281, 91 S.W. 892 (1906), considered the historical development of the present problem from the early time when a defendant was not permitted to testify. Related cases may be found in Missouri Digest, Witnesses, ☞ Nos. 337(5) and 337(6).

Section 491.050 provides: "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer." We do not believe the last clause of the statute—"the party cross-examining shall not be concluded by his answer"—provides any basis for sustaining the state's position. It merely provides that if there is a denial of the prior conviction, the state is not precluded from showing that in fact the witness had been convicted previously. As was said in State v. Himmelmann, Mo., 399 S.W.2d 58, 61, "The statute is to be strictly construed \* \* \*."

The question is not entirely novel in this state as it was considered in State v. Spivey, 191 Mo. 87, 90 S.W. 81 (1905). However, the conclusion there reached is not keyed to the digest, perhaps for the reason it was considered dictum in view of reversal on other grounds. Nevertheless, in that case defendant was charged with murder, and while on the witness stand was asked by the prosecutor: " 'Now, state if you have not been in the penitentiary for stealing cattle?' " This court held, loc. cit. 88: "We are, however, of the opinion that the prosecuting attorney should propound this question in accordance with the statute— that is, to inquire of the witness if he was ever convicted in any court of a criminal offense—and not, for the purpose of influencing the jury, ask him if he wasn't in the penitentiary of this state for stealing cattle or burglarizing some store."

With such a limited precedent, we look elsewhere, and find this general statement in 98 C.J.S. Witnesses § 507(c), at page 411: "While the impeaching evidence is restricted to the fact of conviction, and cannot show details and incidents of the crime, it may show the name and nature of the crime, and the number of convictions."

The Supreme Court of West Virginia in State v. Stout, 116 W.Va. 398, 180 S.E. 443, loc. cit. 444, said: "The purpose of alleging and proving a former conviction is not to relate that conviction to the proof against the accused for the offense actually being tried \* \* \* the proof of the former conviction should be rigidly restricted, and its effect upon the minds of the jury with respect to the guilt of the accused of the offense actually under consideration should be given no more scope than the necessities of the situation demand."

**324**

Likewise, in People v. Moore, 20 A.D.2d 817, 248 N.Y.S.2d 739, the appellate court of New York declared, at loc. cit. 741: "It appears to us that the purpose of impeaching defendant's testimony was accomplished by his admission as to the prior conviction. The prosecutor's further inquiry could serve no purpose other than to show an inclination or tendency on the part of defendant which might impel him to commit the crime for which he was then on trial * * * In our opinion, this prejudiced the right of the defendant to an impartial consideration of the competent evidence adduced upon the trial * * *"

With there being a span of seven years between the present offense and the prior convictions, we are not concerned with any question of relevancy to show habit, design or criminal intent. State v. Stegall, Mo., 353 S.W.2d 656.

A comparable effort to exceed the limitations of Section 491.050 may be found in State v. Mobley, Mo., 369 S.W.2d 576. There, the prosecutor in closing argument referred to the prior convictions to establish a propensity for criminal conduct. Judge Eager, loc. cit. 581, said: "All lawyers and judges know that a jury's knowledge of prior convictions is, in itself, a most damning thing in the trial of a criminal case. When used for legitimate purposes, the defendant must take his chances on this. But prosecutors should not seize upon such an opportunity to further prejudice the defendant by undue repetition and insinuations, or to convey the idea of guilt by reason of the prior offenses." The same reasoning is applicable to the instant case.

We do not hold that a prosecutor is limited to some type of stereotyped questions in bringing before the jury such prior convictions as may bear upon the credibility of a defendant as a witness, but it seems clear that the questioning in this case far exceeded the contemplated purpose of the statute. Impeachment is proper but it should not be designed to provide evidence of guilt.

Having concluded that our answer is "No" to the original question as to the propriety of going into the details of the prior offenses, other than to show the nature and number of them, one further question remains, i. e., was the prejudicial error corrected by the instruction that prior convictions were for consideration only on the question of defendant's credibility? One would have to be rather naive to believe, under the facts of this case, that it did, and we have concluded that the prejudice created requires a reversal for a new trial.

The state concedes that the trial court's findings reference applicability of the second offender statute were not proper under the evidence offered. Such deficiencies can be corrected on retrial, as well as reconsideration of Instruction No. 1 in light of defendant's attack on it.

Accordingly, the judgment is reversed and the cause remanded.

All of the Judges concur.