■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FEDERICO GONZALEZ, Appellant.—Judgment of the Supreme Court, Kings County, rendered July 30, 1975, affirmed (see CPL 140.15, subd 4; 120.80, subd 5). Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD JOHNSON, Appellant.—Judgment of the County Court, Dutchess County, rendered May 13, 1977, affirmed. No opinion. The case is remitted to the County Court, Dutchess County, for further proceedings pursuant to CPL 460.50 (subd 5). Latham, J. P., Suozzi, Margett and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GROVER MANSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 19, 1975, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. During his summation, the prosecutor made many remarks which were improper. He commented on the failure of the defense to call "Jack", a person whose name had been mentioned during the defendant's case, and stated that "Jack" was a fictitious person who had been concocted by the defense. The burden of proof is on the People and never shifts. The prosecutor did not introduce into evidence the money which had been paid by the police undercover officer for the cocaine. In his summation, the prosecutor stated that such evidence would surely have been offered had the officer not been unable to attend the trial because of sickness. It is settled that a prosecutor may not make himself an unsworn witness and support his case by his own veracity and position (see, e.g., *People v Wasserman,* 46 AD2d 915, 917). The court's subsequent instruction that the jury disregard that remark did not cure the harm (see *People v Jackson,* 7 NY2d 142, 145). The prosecutor nevertheless continued in the same vein (see *People v Grinage,* 52 AD2d 768). The prosecutor also discussed defendant's prior convictions. It is clear from the record that his purpose in doing this during summation was to show defendant's propensity to commit the crime charged (see *People v Moore,* 20 AD2d 817). The prosecutor repeatedly suggested that defendant was a liar. He also suggested that there had been a conspiracy by defendant and his witnesses to fabricate an exculpatory story. Such comments are improper (see *People v Burnside,* 52 AD2d 626). The cumulative effect of these remarks was highly prejudicial and requires a new trial. Suozzi, J. P., Gulotta, Cohalan and Margett, JJ., concur.