## (July 10, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FEDERICO GONZALEZ, Appellant.—Motion by defendant for reargument of an order of this court, dated February 6, 1978, which affirmed a judgment of the Supreme Court, Kings County, rendered July 21, 1976 *(People v Gonzalez, 61 AD2d 890)*. Motion granted, and, upon reargument, the decision and order of this court, both dated February 6, 1978 are vacated and the following substituted decision is rendered: Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 21, 1976, convicting him of criminal sale of a controlled substance in the first degree (two counts), upon a jury verdict, and imposing concurrent sentences of 25 years to life. Judgment modified, as a matter of discretion in the interest of justice, by reducing the minimum periods of incarceration to 15 years. As so modified, judgment affirmed. The sentences were excessive to the extent indicated herein. Rabin, Gulotta and O'Connor, JJ., concur; Latham, J. P., dissents and votes to affirm the judgment, with the following memorandum: The defendant came to this country from Colombia in about 1958 and had previously worked as a longshoreman on the waterfront where he had access to incoming ships. He was a large-scale drug dealer who, prior to the two sales involved in the instant case, had been charged with the sale of more than one half a kilo of cocaine to undercover police officers for over $10,000. In that prior case, in which the defendant was apprehended while attempting to flush a plastic bag containing the cocaine down the toilet, he was permitted to enter a guilty plea to the crime of criminal possession of a dangerous drug in the third degree and was sentenced on July 30, 1975 to an indeterminate five-year sentence of imprisonment *(People v Gonzalez, 63 AD2d 686)*. In the case at bar, the defendant made two sales of cocaine to undercover police officers. The quantity of cocaine involved in these sales was in excess of three ounces and the total price was $3,000. These sales took place while the prosecution in the prior matter was pending, evidencing the defendant's complete, flagrant and continuing disregard of the law.

In my view, the sentences imposed were proper exercises of discretion, clearly justified by the gravity of the crimes of which the defendant was convicted after trial, and also by his prior record.