**STATE of Missouri, Plaintiff-Respondent,**

v.

**Kenneth GENTILE, Defendant-Appellant.**

**No. 41849.**

Missouri Court of Appeals, Eastern District, Division Three.

May 13, 1980.

---

Lawrence O. Willbrand, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Donna G. Bowles, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

CRIST, Judge.

Jury conviction of stealing from a dwelling. Punishment assessed at ten years under the Second Offender Act. We affirm.

The seventy-three year old victim was cutting her grass when she heard her dog bark. Upon entering her house, she found the defendant with her purse in his hands. He ran out the back door, with the money from her purse, was arrested by the police, and identified by the victim and a neighbor.

Defendant's sole contention of error relates to questions of the prosecutor implying that defendant's prior convictions were perpetrated against elderly people, as was the victim in the case at bar. The objectionable testimony is:

Q  Let me ask you this. The last one that you were convicted of that was a stealing from a dwelling of a seventy year old, a lady, Underwood, right? You stole something out of her dining room while he was in the yard?

A  Stole something out of her dining room? I don't believe it was in her dining room that I stole it. I believe it was her bedroom.

Q  That's when she was in the yard, right? That was three years you got on that?

A  Yes, Sir, that was three years. I pleaded guilty to—on that.

Q  And, prior to that in Missouri what was your—the next conviction back?

A  1968.

Q  Well, would it have been in May of 1969?

A  Yes, Sir, I believe that's when the case was dissolved of, yes.

Q  And, that was stealing from a dwelling from a seventy year old man?

A  Seventy year old man?

Q  Mr. Dickman—Edward Dickman.

MR. WILLBRAND:  I would object. Your Honor. I think that counsel can inquire into whether he pled guilty or was convicted but I don't think he can go any further than that.

THE COURT: Objection will be overruled.

MR. WILLBRAND: O.K.

Q (By Mr. Rogers) Is that right?

A I don't recall.

Q You got five years for that?

A I got five years for several things. It was not just that one case, no, Sir.

Q Well, let me ask you, was it five years for stealing from a dwelling and five years for burglary, second degree, and stealing and another five years for another burglary, second degree, and stealing?

A The charges were—supposedly be second degree burglary and stealing. There wasn't supposed to be stealing from a dwelling house.

Q Wasn't the stealing from a dwelling house from August of '68, 81 year old, Edith Coop? August 8, 1978, isn't that when you were arrested for that? You pleaded guilty May 19, 1969?

A I pleaded guilty to second degree burglary to the best of my knowledge.

Q Three different cases, right?

A Yes, Sir.

Q All elderly people right?

A I'm not sure.

 A criminal defendant may be impeached when he testifies. He is subject to cross-examination on prior convictions for the purpose of affecting his credibility. *State v. Morris*, 460 S.W.2d 624, 627 (Mo. 1970). The prosecutor may show the nature, dates, and places of the occurrences and the sentences resulting therefrom, but upon proper objection he may not cross-examine the defendant with respect to details of the crimes leading to the prior convictions.

Defendant's only objection was neither timely nor specific. It was made after the answer was given. He did not request the court to strike the answer in order to preserve the error for review. Defendant made no further objection. Defendant's inaction may have been for reasons of trial strategy. If so, the gamble was lost. Nothing was preserved for review. *State v.*

*Simmons*, 500 S.W.2d 325, 328 [2–6] (Mo. App.1973).

We have examined the transcript for manifest injustice to defendant. We decline to rule the case under plain error. Rule 27.20(c).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.