Kenneth Wayne GENTILE, Appellant,

v.

STATE of Missouri, Respondent.

No. 44299.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

Motion for Rehearing and/or Transfer
Denied June 18, 1982.

Application to Transfer Denied
Sept. 13, 1982.

Dennis T. McCubbin, Deeba, DeStefano, Sauter & Herd, St. Louis, for appellant.

John Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

Movant appeals from a judgment denying, after an evidentiary hearing, his Rule 27.26 motion for post conviction relief. The judgment is affirmed.

Movant raises three points on appeal. First he claims the trial court erred in finding no ineffective assistance of counsel in the original trial. Second, movant argues the trial court erred in refusing to find that certain questions and statements by the prosecutor warranted post conviction relief. Third, movant claims the trial court erred in finding that movant was competent to stand trial.

On July 13, 1979 movant was convicted of stealing from a dwelling house and sentenced to ten years in prison. The conviction was affirmed on appeal. *State v. Gentile*, 599 S.W.2d 780 (Mo.App.1980).

■ Appellate review of a motion under Rule 27.26 is limited to a determination of whether the trial court's findings of fact or conclusions of law were clearly erroneous. Rule 27.26(j); *Watson v. State*, 475 S.W.2d 8, 12 (Mo.1972). Findings and conclusions are clearly erroneous only if, after review of the entire record, the court is left with a definite and firm impression that a mistake has been made. *Quinn v. State*, 515 S.W.2d 603, 605[1, 2] (Mo.App.1974).

Movant's first claim is that the trial court erred in failing to find ineffective assistance on the part of trial counsel. The point is ruled against movant.

■ In order to establish ineffective assistance of counsel, the movant must prove that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that he was prejudiced thereby. *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979); *Rodgers v. State*, 610 S.W.2d 25, 27–28[1] (Mo.App.1980). Movant failed to meet this burden.

■ Movant cites to counsel's failure to depose the victim and an evidence technician. Even if such a failure constituted a dereliction of duty movant failed to show how he was prejudiced thereby. Counsel knew that the victim would testify that a jar of change was missing. Movant failed to show how a deposition would bring out anything new. The technician's testimony was that he found no fingerprints. There is no basis to believe his testimony affected movant's case at all. Movant presented no evidence to show how failing to depose the technician prejudiced movant.

■■ Movant also cites counsel's putting movant on the stand and counsel's failure to object the first time the prosecution mentioned the ages of movant's prior victims. Both these decisions were matters of trial strategy. Counsel's trial strategy, even if wrong, does not support a finding of ineffective assistance. *Graham v. State*, 605 S.W.2d 535, 536[2, 3] (Mo.App.1980); *Cole v. State*, 553 S.W.2d 877, 882[5–7] (Mo.App. 1977).

Movant presented nothing that would establish ineffective assistance of counsel. There was no error.

Movant next claims that the prosecution cross-examination on the subject of the ages of movant's prior victims, and the prosecution's statement in his closing argument emphasizing that factor, denied movant's constitutional right to a fair trial. The point is meritless.

■ Both these alleged errors properly should have been raised on direct appeal. In fact the cross-examination issue was raised on appeal. *State v. Gentile, supra.* Such errors are not a proper basis for a 27.26 motion. Rule 27.26(b)(3). Making a general statement that the alleged trial errors denied movant his constitutional right to a fair trial is not sufficient to invoke post-conviction relief. *Booth v. State*, 491 S.W.2d 286, 288[3] (Mo.1973).

Last movant argues that the trial court erred in finding that movant was competent to stand trial. He had taken "sixteen or seventeen or more percodans" for back pain, prior to and during the trial and he

said the medication made him medically incapable. The point is also ruled against movant.

A person is not competent to stand trial if "he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975).

The evidence supports the finding that movant was competent to stand trial under the standard of *Drope v. Missouri*. Movant's own testimony refutes any claim of incompetency. Movant testified about the trial in great detail at the Rule 27.26 evidentiary hearing.

In addition, movant's counsel testified that he did not notice anything unusual about movant. Movant also presented no medical evidence on the effects of the drug he had taken to ease his back pain. The trial court's ruling was not clearly erroneous.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.