STATE of Missouri,
Plaintiff-Respondent,

v.

Theodore Raymond SANDERS, Jr.,
Defendant-Appellant.

No. 43779.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 13, 1982.

Kenneth Leeds, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

DOWD, Presiding Judge.

Theodore Sanders, Jr. appeals his conviction for rape. Although the jury set appellant's sentence at fifteen years, the court sentenced him as a persistent offender to thirty years imprisonment.

The state produced evidence at trial that the victim, hitchhiking home around midnight, saw a woman and two men outside a bar and asked them for a ride. After she got into a van with them, the driver proceeded to appellant's residence. The victim exited the van with appellant when he told her that his brother had a car and could take her home. The state's evidence showed that the victim and appellant then entered his residence where he had sexual intercourse with her by the use of forcible compulsion. Appellant admitted having intercourse with the victim but claimed it was with her consent and without the use of any force. Appellant contends that several errors at trial resulted in the denial of his right to a fair and impartial jury.

Appellant first claims that the trial court erred in overruling his objection when the prosecutor went into the details of appellant's prior convictions by reading verbatim from the informations in the prior cases. The prosecutor's action followed appellant's direct testimony admitting his conviction in 1976 for two rapes and a kidnapping, with resulting concurrent sentences of five years on each of the three charges. During his cross-examination of appellant, and after the court overruled appellant's objection, the prosecutor asked:

Q. (By Mr. Barry) Now, Mr. Sanders, when you said you pled guilty to rape, did you mean you pled guilty to this charge: that on or about the 19th day of June,

1974, acting with another, you made an assault upon Maureen R——, a female person under the age of 16 years, and did then and there willfully, unlawfully and feloniously rape, ravish and carnally know the said Maureen R—— against her will, contrary to Missouri Revised Statutes in such case made and provided, against the peace and dignity of the state? Is that one of the rapes you pled guilty to, sir?

A. Yes.

Q. Now, when you said that you pled guilty to the crime of kidnapping, did you mean, sir, that you pled guilty to this charge: that in the County of St. Louis, State of Missouri, on or about the 19th day of June, 1974, you did willfully, unlawfully and feloniously, acting with another, forcibly seize, kidnap and confine Maureen R—— within a Ford Thunderbird automobile, with intent to cause the said Maureen R—— to be secretly confined in said automobile against her will? Is that, sir, another one of the charges that you pled guilty to?

A. Yes.

Q. I can't hear you.

A. Yes.

Q. Thank you. Now, when you said that you had a second offense for rape, sir, did you mean that you pled guilty to this charge: that on or about the 22nd day of September, 1975, acting with another, you made an assault upon one Shelly R—— R——, hereinafter referred to as victim, a female person over the age of 16 years, and did then and there willfully, unlawfully, forcibly and feloniously rape, ravish and carnally know the said victim against her will? Is that, sir, the charge you pled guilty to?

■ Section 491.050 RSMo 1978 permits the prosecutor, when the defendant testifies, to prove any prior convictions *to affect the defendant's credibility*. The prosecutor may elicit the general nature of each crime, *State v. Hood*, 313 S.W.2d 661, 663–64 (Mo. 1958), as well as the places and dates of the occurrences and the resulting sentences. *State v. Sullivan*, 553 S.W.2d 510, 515 (Mo.

App.1977). The prosecutor acts improperly if he goes beyond the fact of conviction to unduly emphasize it, *State v. Williamson*, 584 S.W.2d 628, 630 (Mo.App.1979), shows details so as to aggravate the conviction itself, *id.*, or uses the conviction to suggest guilt of the offense presently charged. *State v. Scott*, 459 S.W.2d 321, 324 (Mo. 1970).

■ The statute also provides that the defendant "must answer any question relevant to [the] inquiry [into his convictions], and the party cross-examining shall not be concluded by his answer." Section 491.050 RSMo 1978. The last clause does not authorize cross-examination as to details of the prior convictions; it merely allows the prosecutor, if the defendant denies a conviction, to show that the defendant was in fact previously convicted. *State v. Scott*, 459 S.W.2d at 323.

■ In the instant case, appellant admitted during direct examination that in 1976 he was convicted of two charges of rape and one charge of kidnapping. He further testified as to the resulting sentences. Appellant's admission of his prior convictions accomplished the purpose of impeaching his credibility. *State v. Porter*, 538 S.W.2d 888, 891 (Mo.App.1976). Although case law would have permitted the prosecutor to also elicit the place and date of each prior crime, the inquiry here sought additional facts serving no apparent legitimate purpose. *See State v. Scott*, 459 S.W.2d at 324 (quoting *People v. Moore*, 20 A.D.2d 817, 817, 248 N.Y.S.2d 739, 741 (N.Y. App.Div.1964). Each information which the prosecutor read seemed to present a single question, since each required only one response from appellant. By reading the information, however, the prosecutor in fact asked multiple questions, some of which were proper and some of which were improper to impeach credibility. For example, the first information presented the following questions which may have been proper: "Did the offense occur on June 19, 1974? Did you commit the crime of rape?" It also presented these questions: "Did you act with another? Did you commit an as-

sault upon Maureen R\_\_\_\_\_? Was she under sixteen years of age? Did you willfully, unlawfully and feloniously ravish her? Did you carnally know her? Was it against her will?" The latter questions attempt to emphasize the prior conviction through repetition; to make it more graphic by injecting the victim's name and age; and to show a tendency on appellant's part to commit the crime of rape, thereby implying his guilt as to the present charge. None of these were permissible impeachment devices in this case.

The state relies on *State v. Whitt*, 592 S.W.2d 316 (Mo.App.1979) and *State v. Gentile*, 599 S.W.2d 780 (Mo.App.1980) as authority for a prosecutor to inject prior victims' names and ages. Those cases are clearly distinguishable and do not raise the issue now before us. This court found in *Whitt* that the impeachment process used was permissible because the defendant on direct examination had specifically disavowed any prior misconduct. In *Gentile* we held only that nothing was preserved for review.

■ We do not propose that a prosecutor may never use a prior information or indictment for impeachment. The prosecutor may not, however, purport to impeach credibility as a ruse to achieve improper results. Under the facts of this case, we fail to perceive any impeachment value in the prosecutor's verbatim reading of the charges for which appellant had just admitted his conviction. We find that the trial court erred in overruling appellant's objection.

■ The prosecutor increased the prejudicial effect of that error by stating in closing argument: "And, folks, in deciding who to believe, I would remind you that standing behind Susan N\_\_\_\_\_ is a girl named Maureen R\_\_\_\_\_ and a girl named Rebecca P\_\_\_\_\_. They are telling you who to believe." When jurors know of a defendant's prior convictions, they are likely to improperly consider such information as evidence of his bad character and thus probative of guilt. *State v. Cleveland*, 583 S.W.2d 263, 267 (Mo.App.1979). The prose-

cutor here appears to have encouraged the jury to so misuse its knowledge of appellant's prior convictions.

■ The prejudicial error was not cured by an instruction that the jury was to consider the convictions only in assessing appellant's credibility. *State v. Scott*, 459 S.W.2d at 324. The error therefore demands reversal.

We will now consider appellant's other points for guidance in his new trial.

Appellant claims the trial court erred in admitting into evidence a cigarette package, which allegedly contained marijuana, and in allowing testimony about the package. Appellant contends that the exhibit and testimony were irrelevant. He further argues they constituted inadmissible evidence of another crime and had a prejudicial effect on the jury that outweighed any probative value.

As the trial began, appellant's counsel asked the court outside the jury's presence to prohibit the prosecutor from introducing the cigarette package or any testimony referring to marijuana. The court overruled the motion after the prosecutor stated he would show that appellant tried to force liquor and marijuana upon the victim in an effort to have sexual intercourse with her.

The prosecutor presented the cigarette package during his direct examination of a police officer, who identified it as an item seized from appellant's residence. After briefly questioning the officer about his training with regard to marijuana, the prosecutor asked him to identify the substance contained in the package. When the court sustained appellant's objection to the insufficient foundation, the prosecutor did not pursue a positive identification of the package contents by the officer. The prosecutor introduced the package into evidence and the court received it over appellant's objection. Both the victim and appellant later testified, but the record is devoid of further reference before the jury to either the cigarette package or marijuana. Thus, while he planted in the jurors' minds the notion that marijuana was found in appellant's home,

the prosecutor brought forth no additional evidence of its relation to the rape charge.

 The court did not err in initially admitting evidence of the cigarette package, though its relevance was not readily apparent, because the prosecutor had promised to connect it to the crime charged. Thus it was conditionally admissible. *See* 1 Wigmore, *Evidence* § 14, at 303 (3rd ed. 1940). When the prosecutor failed to establish the relevance of this evidence by connecting it to other facts, it became inadmissible. *See* 6 Wigmore, *Evidence* § 1871 (Chadbourn rev. 1976).

Error in a criminal case is presumed prejudicial, and thus reversible, unless it is shown to be harmless. *State v. Shipley*, 174 Mo. 512, 74 S.W. 612, 613 (1903); *State v. Howard*, 601 S.W.2d 308, 310 (Mo.App.1980). If the prosecutor on retrial again introduces this evidence without connecting it to the facts of the offense, such error could warrant reversal. The prosecutor has a duty to refrain from making statements calculated to engender prejudice against the defendant and from injecting matters improper for the jury's consideration. *State v. Selle*, 367 S.W.2d 522, 530 (Mo.1963).

Appellant also claims as error the admission of three state's exhibits—a baseball bat, a card, and an envelope—labeled by the police with the word "rape" in bold letters. Appellant alleges that the writing constituted an impermissible legal conclusion and resulted in prejudice outweighing its probative value.

The trial court has considerable discretion in deciding whether to admit demonstrative evidence. *State v. Williams*, 606 S.W.2d 254, 257 (Mo.App.1980). In this instance, however, appellant's only objection was to the labeling of these three exhibits. The labels themselves were not evidence. Appellant's counsel asked the court to order the word "rape" covered or blocked out on each exhibit. Since the request is reasonable and easily accomplished, the trial court should grant such a request on retrial to avoid the possibility of prejudice.

Appellant's counsel argues as an additional point under the plain error rule that MAI–CR2d 20.02.1, Note 3 mandated an instruction defining "serious physical injury." We need not consider this point. We are confident that on retrial the court will carefully examine the mandatory nature of the instruction.

The judgment of conviction is reversed and the cause is remanded for a new trial.

STEPHAN and SIMON, JJ., concur.