**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Terry SHEPARD, Defendant-Appellant.**

**No. WD 33631.**

Missouri Court of Appeals,
Western District.

April 19, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied May 31, 1983.

Application to Transfer Denied
Aug. 16, 1983.

Ronald F. Fisk, Nevada, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, C.J., and CLARK and KENNEDY, JJ.

SOMERVILLE, Chief Judge.

Defendant was charged by a two count information with burglary in the second degree (§ 569.170, RSMo 1978) and stealing (§ 570.030, RSMo 1978). A jury found him guilty under both counts and assessed his punishment at two years imprisonment for each offense. Following an unavailing motion for new trial, judgment was entered, sentence was pronounced, and said sentences were ordered to run concurrently.

Ten points of error are presented on appeal. Two are controlling and require reversal. The other eight are not likely to recur on retrial and thus any decision as to them will be pretermitted.

The facts will not be dwelt on at length, as their sufficiency to support the respective convictions stands unchallenged. Briefly, the State introduced evidence that defendant, acting in concert with two others, broke into an uninhabited farm home in rural Vernon County and removed therefrom certain antiques having a value in excess of One Hundred Fifty and no/100 Dollars.

The two points favoring defendant on appeal lend themselves to being combined into a single point for decisional purposes: Error on the part of the trial court in overruling defendant's motion for a mistrial based on impermissible and prejudicial references by the State by way of a prosecutorial statement and an exhibit offered and introduced into evidence of an offense for which defendant had previously been charged but not convicted.

The dispositive point emerges from a convoluted series of events. During the trial defendant took the stand as a witness in his own behalf. His testimony is accorded the same brevity as the State's evidence. According to defendant, one of his compatriots inherited the antiques from a deceased grandmother, agreed to sell them to defendant, and accompanied defendant to the uninhabited farm house to pick them up. In an obvious attempt to minimize the sting, defendant, on direct examination, tes-

tified that two years earlier he pled guilty to a misdemeanor charge of receiving stolen property [an offense wholly unrelated to those for which he was presently standing trial], that imposition of sentence was suspended and he was placed on probation for two years. The prosecutor, understandably, sat back and, up to a point, gave defense counsel free rein with this line of questioning. However, when defense counsel asked defendant why he pled guilty to the earlier charge when he didn't know the property had been stolen, the prosecutor immediately objected on the ground that such testimony was "self serving". Unfortunately, the prosecutor was not willing to let the matter rest at that point as evidenced by the fact he accompanied his objection with the following positive statement: "He has already pled guilty to the reduced charge of receiving stolen property, to a misdemeanor charge". This was tantamount to the introduction of evidence of like effect by the State. Counsel for defendant immediately objected and moved for a mistrial on the ground that the prosecutor's statement to the jury that defendant had pled guilty to a charge "reduced down from a felony" was prejudicial. The trial court, although refusing to grant a mistrial, attempted to alleviate the prejudicial effect of the prosecutor's voluntary statement by advising defendant that he would be permitted "to go into 'why' since the statement was made to the jury that it was reduced down from a felony." However well intentioned the trial judge may have been, his solution exacerbated the problem. The trial got out of hand and soon had the trappings of a trial within a trial over a purely collateral matter invariably fraught with prejudice even under the most restrictive conditions. On cross-examination, the prosecutor asked defendant if his "probation was supervised" and defendant answered "No". Thereupon, the prosecutor offered and the trial court admitted into evidence, over defendant's objection, State's Exhibit 10 which consisted of a certified copy of the docket entries in the unrelated case in which defendant previously pled guilty. At this juncture, defendant again asked the court to declare a mistrial. State's Exhibit 10, at the request of the prosecutor, was "passed" to the jury. This exhibit, in addition to reciting that defendant was placed on "supervised" probation, also recited with unmistakable clarity that defendant was originally charged with a felony which was reduced to a misdemeanor.

The gist of defendant's combined point on appeal is that the prosecutor's voluntary statement to the jury and State's Exhibit 10 were so highly prejudicial, constituting as they did evidence of a crime for which defendant was never convicted or to which he never pled guilty, that the trial court erred in not granting his repeated requests for declaration of a mistrial. This is enhanced by defendant's argument that such evidence was neither admissible to impeach his credibility as a witness under the purview of § 491.050, RSMo Supp.1981, nor as an exception to the general rule precluding evidence of other crimes.

Defendant put his credibility in issue, like any other witness, when he took the stand. Section 491.050, RSMo Supp.1981, clearly provides that "any prior criminal convictions" or any "prior pleas of guilty, pleas of nolo contendere, and findings of guilty" may be "proved" to "affect" the "credibility" of a defendant who takes the stand in his own behalf in a "criminal" case.[1] Utili-

---

1. Section 491.050, RSMo 1978, was amended Laws 1981. Prior to amendment it read as follows: "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any questions relevant to that inquiry, and the party cross-examining shall not be concluded by his answer."

As amended Laws 1981, effective when the case sub judice was tried, § 491.050, RSMo Supp.1981, reads as follows: "Any person who has been convicted of a crime is, notwithstanding, a competent witness; however, any prior criminal convictions may be proved to affect his credibility in a civil or criminal case and, further, any prior pleas of guilty, pleas of nolo contendere, and findings of guilty may be proved to affect his credibility in a criminal case. Such proof may be either by the record

zation of § 491.050, supra, prior to its amendment, with respect to a defendant in a criminal case who took the stand in his own behalf, was tightly circumscribed by case law due to the volatile nature of the subject matter dealt with. These cases, in view of the context in which § 491.050, supra, is presently raised, remain pertinent and applicable. To vitiate any misconception that proof authorized by § 491.050 was in and of itself evidence that a defendant was guilty of the crime for which he was standing trial, it was repeatedly held that such proof, since its sole purpose was to affect defendant's credibility, was restricted to eliciting the general nature of the offense which defendant was convicted of, the place and date of the occurrence, and the resulting sentence. *State v. Hood*, 313 S.W.2d 661, 663–64 (Mo.1958); *State v. Sanders*, 634 S.W.2d 525, 527 (Mo.App. 1982); *State v. Sullivan*, 553 S.W.2d 510, 515 (Mo.App.1977). It has also been said that the State exceeds the legitimate bounds of proof authorized by § 491.050, supra, when it goes beyond the fact of "conviction" or "plea of guilty" and unduly emphasizes collateral facts, or when it goes into details which aggravate the "conviction" or "plea of guilty" relied upon to affect credibility. *State v. Sanders,* supra, 634 S.W.2d at 527; and *State v. Williamson,* 584 S.W.2d 628, 630 (Mo.App.1979).

▆ Concomitantly, it was also well established that a witness' credibility could not be attacked by showing a mere arrest, investigation, or a criminal charge which does not result in a conviction. *State v. Stearns,* 617 S.W.2d 505, 508 (Mo.App.1981). In conjunction with the offer and admission of State's Exhibit 10, prompted by defendant's negative answer that he was not on "supervised" probation, it is well established that on cross-examination on collateral matters for purposes of impeachment, the interrogating party is bound by the

witness' answer. *State v. Johnson,* 486 S.W.2d 491, 496 (Mo.1972); *State v. Dennison,* 428 S.W.2d 573, 579 (Mo.1968); and *State v. Messley,* 366 S.W.2d 390, 393 (Mo. 1963).

▆ Consideration of § 491.050, supra, aside, it is equally well established that proof of a separate or distinct crime is inadmissible unless it has a legitimate tendency to clearly establish defendant's guilt of the crime for which he is on trial, or falls within one of several recognized exceptions to show motive, intent, absence of mistake or accident, a common plan, or identity of the person charged. *State v. Holbert,* 416 S.W.2d 129, 132 (Mo.1967); *State v. Weaver,* 591 S.W.2d 727, 730 (Mo.App.1979); and *State v. Jones,* 578 S.W.2d 286, 288 (Mo. App.1979).

▆ The prosecutor's ill-advised and highly partisan remark to the jury that defendant had pled guilty to a reduced charge, coupled with the offer and admission of State's Exhibit 10 telling the jury that defendant was originally charged with a felony, injected evidence of a separate or distinct crime neither authorized nor condoned. This conclusion is forcibly demonstrated when the legal template heretofore cut by the cited cases is superimposed on the facts at hand. The insidious combination went beyond the orbit of proof authorized by § 491.050, supra, to attack defendant's credibility as a witness; clearly aggravated the offense to which defendant pled guilty, i.e. a misdemeanor, by implanting the idea that he was arrested for and charged with a felony; injected evidence of a more serious offense for which he was arrested and charged but never found guilty; and waved before the jury a separate offense which the State in no way purported to justify as tending to directly establish defendant's guilt of the crime for which he was standing trial or as falling

---

or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer."
It is unnecessary to construe § 491.050, RSMo Supp.1981, vis-a-vis *State v. Frey,* 459 S.W.2d

359 (Mo.1970) as defendant on direct examination testified as to his plea of guilty to the misdemeanor charge for which the imposition of sentence was suspended.

within one of the well-defined and recognized exceptions.

The truth is the insidious combination indulged by the State is the antithesis of what the well-established rules of evidence seek to achieve—to allay any inference or supposition that "once a criminal always a criminal". When evidence of separate and distinct crimes offered by the State goes beyond the perimeters just mentioned, it is prejudicial. Otherwise, the pervasive logic underlying the established rules of evidence is flawed. If admission of such evidence is not prejudicial, rules of evidence prohibiting its admission are unjustified. One would be hard put to champion a contrary argument.

■ At this juncture it is appropriate to note that this state subscribes to the principle that "error in the admission of evidence should not be declared harmless unless it is so without question". *State v. Degraffenreid,* 477 S.W.2d 57, 64 (Mo. banc 1972).

Having concluded the prosecutorial statement and objectionable exhibit were erroneously admitted, and that doing so injected prejudice into the case, all that remains is a determination of whether the trial court erred in not declaring a mistrial. A commitment to well-reasoned rules of evidence demands, at the very least, that they be secure from warping or dissipation by carelessness or indifference. Nothing short of declaration of a mistrial could purge the prejudice tainting the instant case unless one yields to the platitudinous approach of sweeping it aside as harmless error. It is as difficult for this court to perceive how the admission of prejudicial evidence is harmless error as it is to perceive how the proper admission of evidence could be said to be prejudicial. Without being hyperbolic, prejudicial error and harmless error are no more synonymous than admissible evidence and inadmissible evidence. Even though the scope and effect of prejudice emanating from improperly admitted evidence knows no accurate measure, the hard truth remains that when it cannot be declared harmless "without question" [*State v. Degraffenreid,* supra], as here, it inevitably

follows that it was prejudicial and its admission constituted error. Moreover, it constituted error of such dimension that nothing short of a mistrial could cure it—how do you unring a bell?

Judgment reversed and case remanded for a new trial.

All concur.