**STATE of Missouri, Respondent,**

v.

**Richard TURNER, Appellant.**

**No. 45540.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1983.

Application to Transfer Denied Sept. 20, 1983.

---

William J. Shaw, Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of the offense of stealing over $150.00 in violation of § 570.030, RSMo. 1978. The court found defendant to be a persistent offender and sentenced him to 10 years' imprisonment.

The state introduced evidence of the following facts. At approximately 11:00 p.m. on July 12, 1981, Officer Naylor of the Berkeley Police Department checked the doors and windows at the Gateway Outlet Discount Store and found them intact. At approximately 12:30 a.m. that same evening, he received a message from his dispatcher that an anonymous female caller had reported a suspicious black male walking south on Garfield Street and carrying an armful of clothes. The officer drove in that direction and, approximately two and one half blocks from the Gateway Outlet Discount Store, saw defendant who had his arms filled with clothing. Defendant looked toward the police car, dropped the clothes, and increased his pace. Officer Naylor noticed all the clothes, 18 pairs of pants and a jogging suit, had sales tags on them, and he placed the defendant under arrest. The officer also noticed that defendant had a cut on his forehead which was bleeding. Later, the officer returned to the Gateway Outlet Discount Store and discovered a jagged hole two feet by four feet in one of the store windows. Owners of the store reported that numerous items of clothing were missing and, at trial, one of them identified the clothes found in possession of the defendant as having come from the store.

Defendant testified that, at the time of his arrest, he was on his way home from a party and that he had bought the clothes from a man named Woody. He stated he cut himself in a fight at the party.

In his sole point on appeal, defendant contends the trial court erred in overruling his objection "when the state, during cross-examination of the appellant, went into the details of the crimes leading to the prior convictions of the appellant, specifically by giving the names of the victims in the prior crimes as well as other facts and circumstances surrounding the disposition of those offenses."

At the end of defendant's direct examination, defense counsel asked defendant if he had been convicted of any crimes. Defendant answered that he had been convicted of burglary, attempted burglary, and stealing from a person. Defense counsel then asked defendant if he had had trials in those cases. Defendant responded in the negative. Defense counsel then asked if defendant had pleaded guilty in those cases, and defendant replied he had. Finally, defense counsel asked, "Why didn't you plead guilty to this burglary and stealing charge today?" Defendant replied, "Because I'm not guilty."

On cross-examination, the prosecuting attorney questioned defendant about certain details of the previous crimes of which defendant was convicted. The prosecutor also questioned defendant in detail about the disposition of these previous charges.

It is unchallenged that the state may question a witness, including the defendant, about his prior convictions for impeachment purposes. There are limitations, though, beyond which an attorney may not go in questioning an adverse party about prior convictions. The scope of such questions rests largely within the discretion of the trial court. *State v. Woods,* 637 S.W.2d 113, 118–19 (Mo.App.1982).

We have concluded the trial court did not err in allowing the cross-examination of defendant over the disposition of the previous charges. We note that defense counsel withdrew the objection to the prosecuting attorney's question in this regard. Moreover, on direct examination, defendant implied that he pleaded guilty to the prior charges because he was guilty and had decided to go to trial in this case because he was innocent. We have concluded the assistant prosecuting attorney was entitled to inquire into the details of the disposition of the previous charges to establish the determining factor was instead a favorable plea arrangement.

As to the details of the prior offenses, defendant cites *State v. Sanders,* 634 S.W.2d 525 (Mo.App.1982) in support of his contention that the prosecuting attorney went too far in his inquiry and committed prejudicial error. While we conclude that the state may have gone too far in ques-

tioning defendant about the details of the prior offenses, we do not find *Sanders* persuasive on whether prejudicial error occurred.

■ In *Sanders,* there was other prejudicial error committed and, in addition, the prosecuting attorney unduly emphasized the details of the prior convictions in closing argument to the jury, whereas here, the record which defendant has filed with the court, contains no other references to these matters. Moreover, the state's case against defendant is extremely strong. Error, which in a close case might call for reversal, may be disregarded as harmless where the evidence of guilt is strong. *State v. Vernor,* 522 S.W.2d 312, 316 (Mo.App.1975).

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.