STATE of Missouri,
Plaintiff–Respondent,

v.

Will Bill MOSLEY,
Defendant–Appellant.

No. 15833.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 21, 1989.

Motion for Rehearing or to
Transfer Denied March 3, 1989.

Application to Transfer Denied
April 18, 1989.

Defendant was convicted of burglary in the second degree and stealing, following trial in the Circuit Court, Scott County, Anthony J. Heckemeyer, J., and he appealed. The Court of Appeals, Flanigan, P.J., held that no reversible error occurred with respect to cross-examination of defendant regarding prior convictions and referring to them in closing argument.

John A. Klosterman, Lew Anthony Kollias, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

A jury found defendant guilty of burglary in the second degree and stealing, and he was sentenced, as a prior offender, to concurrent terms of seven years for each offense. Defendant appeals.

Defendant's sole point is that the trial court erred in overruling his objection to the conduct of the prosecutor in cross-examining defendant with regard to his prior convictions and in making two references to defendant's prior convictions during closing argument. The prosecutor's conduct, so defendant claims, placed "undue emphasis" on defendant's prior convictions.

The convictions on which the instant appeal is based arose out of the burglary of the Red Dog Saloon in Chaffee, Missouri, on the night of December 30, 1987. Over $300 worth of the building's contents were taken. On January 3, 1988, defendant was arrested by Deputy Sheriff Wolsey and taken to the police station in Chaffee for questioning. On January 4, William Ferrell, sheriff of Scott County, joined the investigation. Ferrell transported defendant from Chaffee to the Scott County jail in Benton. After giving defendant the Miranda warnings, Sheriff Ferrell obtained a tape recorded statement from the defendant in which he confessed to the burglary and stealing. Later during his interrogation by the sheriff, the defendant objected to placing the statement in written form and the sheriff terminated the interview.

The transcription of the taped statement, in its entirety, was read to the jury without objection by the defense.

Sheriff Ferrell was one of the state's witnesses. During cross-examination by defense counsel, Ferrell testified that he knew defendant was on parole "at this time" and "we had already received notice from the parole office that they would be violating (sic) his parole." Defense counsel also elicited from the sheriff that during the interrogation concerning the burglary of the Red Dog Saloon, "We may have mentioned it in conversation going over about his parole or something," and that defendant "thought he was going to have a problem with his parole because of this arrest."

During the presentation of his evidence, defendant, on direct examination, testified that he was taken to the Chaffee police station and that Deputy Wolsey "kept harassing me" about the burglary of the Red Dog Saloon, "saying I did it." He also testified that when he first talked to Sheriff Ferrell he denied involvement in that burglary but later changed his story and admitted that he had been in the vicinity of the Red Dog Saloon and had participated in loading some beer from a trash can into the trunk of a car. Thirteen cases of beer were among the items stolen from the Red Dog Saloon.

Defendant testified that the sheriff told him that if he would give the sheriff a statement, the sheriff would take him to the Scott County jail. Defendant testified: "I knew I had been in trouble over here before." He said that after the sheriff took him to the county jail, "that's when I started giving him a statement describing it how Deputy Wolsey described it to me over at the Chaffee city police department. I changed my mind and realized I wanted to correct the statement because I knew I didn't do it. I told him I wasn't going to sit there and tell him I did it. I knew about the beer, and that was it."

Defendant further testified, still on direct examination, that he had been harassed by the sheriff's department for a long time "since I was 13." He also testified that he was now 18 and that in January 1987 he was sentenced to concurring terms of three years for burglary and three years for stealing.

On cross-examination of defendant the following occurred:

BY PROSECUTOR SUMMERS:

Q. Will Bill, you have been convicted of a crime before, haven't you?

A. Yes, sir, I have.

Q. That was a burglary and stealing, wasn't it?

A. Yes, sir.

Q. And you went to the penitentiary, didn't you?

A. Yes, sir, I did.

Q. You have been in that big jail, haven't you?

A. Yes, sir, I have.

DEFENSE COUNSEL: I object, Your Honor. I don't believe this is the proper line of questioning.

THE COURT: Objection overruled.

DEFENSE COUNSEL: May we approach the bench?

(Counsel approached the bench and the following proceedings were had out of the hearing of the jury:)

DEFENSE COUNSEL: I want to make a more specific objection, since you overruled my objection.

I believe that the only thing that can be used to impeach his credibility is the date, the fact of his conviction and what it was for, and what sentence he received. He's testified to those things. He did not go into any extraneous details about that crime; therefore, I don't believe it's proper for the Prosecutor to question him about any extraneous details or anything else concerning those prior convictions.

THE COURT: Mr. Prosecutor?

PROSECUTOR SUMMERS: Judge, I believe for impeachment purposes and credibility purposes at this time, that is very relevant that he was in the penitentiary, because a part of his defense now is that he was scared because he was in a city jail situation, in a county jail situation, and I believe it is reasonable for the

jury to infer that that might not be correct after a man has been in the penitentiary.

THE COURT: You may proceed.

(Proceedings returned to open court as follows:)

Q. Now, Mr. Mosley, with that background and that history, you're telling us that when you went to the city jail of Chaffee that you were scared?

A. Well, of what I had been told.

Q. You were scared when you were there at the city jail in Chaffee?

A. Not of the fact of being there.

Q. It didn't bother you you were there at the jail?

A. It bothered me, the fact—the way they were coming to me, what they were saying.

Also on cross-examination defendant testified that he told the sheriff, "Look, I will tell you about it, but I want to go to Benton," because he wanted to get out of the Chaffee jail. Asked whether his "whole objective was to get away from the city jail in Chaffee and get over here to Scott County," the defendant answered, "Yes, Sir."

Later in the prosecutor's cross-examination defendant testified that he knew that breaking into the Red Dog Saloon and stealing property worth over $150 were felonies "because [he] had been convicted of two felonies just like that before."

Still later on cross-examination, the following occurred:

Q. So you're telling us that you thought it was better to lie to the sheriff and admit to committing two felonies than it was to tell us now what you are saying is the truth?

A. That's the way I had felt at the time.

Q. You had already been down this road before with your other felonies, hadn't you?

A. Yes, sir, but I did not have to go through all of this.

There was no objection by defense counsel to the last two incidents set forth above.

There was no objection to any portion of the prosecutor's opening argument. During her closing argument defense counsel stated:

"Then we get to the point of Will Bill Mosley entering the picture. He's 18 years old. He admitted to you that he has been convicted of burglary and stealing and received two three-year sentences for that. You may recall this morning that one of the things I asked was whether that fact alone would cause you to not believe anything he said. No one raised their hand. That fact alone of that prior conviction for burglary and stealing was not going to cause you to ignore his testimony.

"You also agreed this morning by not raising your hand that you would not automatically find him guilty just because he had admitted he burglarized a place and stole something before. He showed his trust in you by taking the stand and testifying to you and explaining to you what happened."

Defense counsel later stated:

"He wanted to make it easier for himself because he knew he was in trouble and he made some kind of remark to you, and you can recall his testimony, about knowing he had this prior conviction, that nobody was going to believe him, that everybody was against him."

Still later, defense counsel stated:

"But he had confidence in you, which he showed by having this jury trial today, that you would look beyond the mere fact of his prior conviction, that you would look beyond his temporary error in saying to the sheriff, hoping for some kind of deal, that he had done it. He trusted that you-all could weigh everything, that you could look at all the facts, all the testimony."

During his final argument the prosecutor said:

"Will Bill Mosley is not a first-timer. He's been down this road before. He told me he'd been down this road before. He's carrying around with him a felony

conviction for burglary, a felony conviction for stealing. Why is he going to do something that he knows is going to place him in jeopardy? He's been there before. So he went ahead and talked to the sheriff and he got that testimony on the tape, and the sheriff testified to exactly what Will Bill Mosley said."

There was no objection to the foregoing argument. Later in his final argument the prosecutor said:

"The sheriff starts filling it out, and that's what he read to you. Once he got the top of this paper filled out, then is when Will Bill says 'Oh, wait a minute. Wait a minute, now. Whoa. I'm not going to do that. I'm not going to put something on a piece of paper.' And then he goes one step further and says 'Oh, wait a minute. I was not telling you the truth.' You know what happened, Will Bill knew, Will Bill knew because he's been there before.

DEFENSE COUNSEL: I object, Your Honor. He's making improper use of—

THE COURT: Objection sustained."

Defendant makes no claim that his constitutional privilege against self-incrimination was infringed, and properly so. *State v. Dean*, 400 S.W.2d 413, 416[6] (Mo.1966); *State v. Manns*, 745 S.W.2d 768, 774 (Mo. App.1988).

The general rule is that the extent of cross-examination rests largely in the discretion of the trial court and, absent an abuse of that discretion, an appellate court will not interfere. *State v. Weekley*, 621 S.W.2d 256, 260[4] (Mo.1981); *State v. Dunn*, 577 S.W.2d 649, 653[3] (Mo.banc 1979); *State v. Manns*, supra; *State v. Powell*, 632 S.W.2d 55, 58[1] (Mo.App.1982). The trial court has similar discretion on questions dealing with the propriety of oral argument. *State v. Jewell*, 473 S.W.2d 734, 741[8] (Mo.1971); *State v. Gibson*, 540 S.W.2d 952, 956[5] (Mo.App.1976).

"It is provided in Section 546.260 that if a defendant becomes a witness in his own behalf he 'may be contradicted and impeached as any other witness in the case.' Section 491.050[1] provides that

'Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination * * *.' It is now well settled by the decisions of this court that a defendant who elects to testify in his own behalf may be cross-examined with respect to his former convictions upon the issue as to his credibility as a witness, and that is true notwithstanding the provision in Section 546.260 which limits the cross-examination of a defendant to matters referred to in his examination in chief."

*State v. Morton*, 338 S.W.2d 858 (Mo.1960).

Section 491.050 and Section 546.260 confer "an absolute right to show prior convictions and the nature thereof for the purpose of impeachment." *State v. Giffin*, 640 S.W.2d 128, 132[16] (Mo.1982).

The prosecution may not inquire as to "all of the details" of the prior offenses, *State v. Scott*, 459 S.W.2d 321, 322 (Mo. 1970), nor may the prosecutor "unduly emphasize" the prior convictions. *State v. Sanders*, 634 S.W.2d 525, 527[1] (Mo.App. 1982); *State v. Powell*, 632 S.W.2d 55, 58[2] (Mo.App.1982). The only legitimate purpose of a prosecutor's argument concerning a defendant's prior conviction lies in its bearing on defendant's credibility, *State v. Mobley*, 369 S.W.2d 576, 580[2] (Mo.1963), and the prosecutor's argument should be "carefully confined to that purpose and subject." *State v. Slay*, 406 S.W.2d 575, 580[8] (Mo.1966).

A defendant who testifies in his own behalf may be contradicted and impeached as any other witness, *State v. Murphy*, 592 S.W.2d 727, 731[3] (Mo.banc 1979), and in cross-examination the prosecution "is not confined to categorical review of the evidence given by defendant on direct examination but may examine him in detail as to matters generally referred to in his examination in chief." *Id.*

**1.** All references to statutes are to RSMo 1986, V.A.M.S.

Section 546.260 and the cases construing it do not "give us any yardstick by which we can accurately measure the breadth of a cross-examination and tell clearly whether its proper scope has been infringed. It is probably impossible to lay down any definite rule. Each case is very much dependent upon its own facts and background." *State v. Scown,* 312 S.W.2d 782, 786[1] (Mo.1958). See also *State v. Moss,* 700 S.W.2d 501, 505 (Mo.App.1985).

The subject of defendant's prior convictions was raised initially and repeatedly by defense counsel. Her cross-examination of Sheriff Ferrell elicited the fact that defendant was on parole. Her direct examination of defendant revealed the 1987 convictions for burglary and stealing. Up to that point in the trial the prosecutor had made no mention of the subject, nor did he do so in his opening argument. In defense counsel's argument she made four references to the prior convictions and also reminded the jury that she had mentioned the subject on voir dire. If the prosecutor had said nothing about the subject, the jury was well informed on it.

■ The only specific objection which was made by defense counsel and overruled by the court occurred during the prosecutor's cross-examination of the defendant. That objection was that it was improper "for the prosecutor to question him about any extraneous details about that crime." There was, in fact, no questioning of the defendant about the details of the burglary or the stealing which were the basis for the prior convictions.

The prosecutor did elicit that the defendant went to the penitentiary and had been in "that big jail." The prosecutor offered his explanation for that specific inquiry.

Defendant's brief says: "[Defendant] had testified on direct examination that his confession to Sheriff Ferrell resulted from apprehension engendered by [defendant's] past relations with individuals in the Chaffee Police Department, and Deputy Wolsey. The prosecutor attempted to impeach [defendant's] credibility on this issue by questioning him about 'that big jail.' But 'that big jail' is irrelevant to whether appellant feared the Chaffee Police and Deputy Wolsey unless the State could show that these individuals had met [defendant] while [defendant] had been incarcerated in the penitentiary."

■ This court is not impressed by the foregoing argument and holds that the trial court did not abuse its discretion in overruling defendant's specific objection. The only objection made by defendant during the prosecutor's final argument was sustained by the court, and defense counsel sought no additional relief.

In view of the repeated mentioning of the prior convictions by defense counsel, this court holds that the several references made by the prosecutor, perhaps excessive if standing alone, did not constitute prejudicial error affecting defendant's substantial rights. See Rule 29.12(a) V.A.M.R. Defendant's point has no merit.

The judgment is affirmed.

PREWITT and MAUS, JJ., concur.