**STATE of Missouri, Respondent,**

v.

**Patrick Michael NEISTAT, Appellant.**

**Nos. 44667, 44682.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 22, 1983.

Daniel V. O'Brien, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Robbery cases.

Defendant appeals from jury convictions of two robberies. The two robbery charges were consolidated for trial at the request of defendant. Defendant was sentenced to concurrent terms of twenty years for the June 23, 1980 robbery of the Dellwood Liquor Store and twenty years for the June 28, 1980 robbery of a St. Louis County Holiday Inn.

Defendant took the stand on his own behalf. He testified he was at home with his parents on June 23, 1980. He further testified that he rarely left his neighborhood because neither he nor his parents owned a car and he had been without a driver's license for approximately two years. As for the Holiday Inn robbery which occurred on the morning of June 28, 1980, defendant testified he was a late riser and he was still in bed at his parents' home at the time that robbery occurred.

Ostensibly in response to defendant's claim of not having had a driver's license for two years, and without having cross-examined defendant as to whether or not he had driven a car on March 13, 1979, the State called a police officer in rebuttal to prove defendant had driven a car on March 13, 1979.

The transcript does not reveal what transpired in chambers, but before Sergeant Fisher was permitted to testify in rebuttal the trial court orally instructed the jury:

Members of the Jury, due to a hearing we previously had, I will instruct you at this time that this officer's testimony is offered solely on the question of whether or not the defendant drove an automobile during the year 1979.

During rebuttal direct examination, Sergeant Fisher testified to seeing defendant drive a car on March 13, 1979 while his license was under suspension.

On rebuttal cross-examination, defendant's lawyer opened the door to the conviction issue by questioning Sergeant Fisher about his having given defendant a traffic ticket on that date and whether or not defendant was convicted of the ticketed offense.

On rebuttal redirect examination, defendant's lawyer made a general objection to the prosecutor's asking Sergeant Fisher what he ticketed defendant for, but did not make any further objection after the trial court refused him permission to approach the bench. Thereafter, without objection, the prosecutor showed defendant had been convicted of a traffic ticket in City Court.

■ Defendant claims Sergeant Fisher's testimony concerning defendant's arrest for driving without a license constituted reversible error. He says the incident was too remote to impeach defendant's statement that he had not driven a car for about two years and that the testimony was actually an attempt to impeach the credibility of the defendant with a prior conviction. He further complains that the oral instruction by the court to the jury was not an approved MAI–CR instruction, and moreover, that it was prejudicial.

With reference to all of the matters complained of concerning the testimony of Sergeant Fisher and the oral instruction by the court, the record shows only one general objection followed by a denial of request to approach the bench. Accordingly, we may only examine defendant's claim for plain error. Rule 29.12(b).

While a conviction of a violation of a city ordinance may not be shown to impeach the credibility of a witness, *Cole v. Bumiller,* 549 S.W.2d 95, 97 (Mo.App.1976), defendant may not claim error here in that his own attorney opened the door to the conviction issue.

The court's admonition to the jury before the rebuttal witness was allowed to testify, makes clear the limited intent of the prosecutor. Conforming to that instruction, the prosecutor elicited from Sergeant Fisher only that he had seen the defendant driving on May 13, 1979 and had ascertained his identity at that time. Because the defendant's own attorney opened up the line of questioning as to the prior conviction in City Court, we find that there was no plain error.

■ Defendant's final request for a finding of plain error refers to a colloquy between prosecutor and defendant during cross-examination. The prosecutor asked defendant whether he had handled a gun in the presence of Salley DeLunis. The questioning is as follows:

Q. Do you know a Salley DeLunis?

A. Yes.

Q. Have you ever been in her company when you had a gun?

A. No.

Q. Have you ever been in her company when she had a gun?

A. No.

Q. Have you ever fired a gun in her company?

A. No.

Questions about handling a gun in the presence of others, when there is no proof of conviction, is not to be condoned when a defendant is on trial for robbery with a gun. However, the defense attorney, on direct examination of the defendant, was the first to inquire about defendant's handling of guns, and no objection was made to the State's inquiry. *State v. Clayburne,* 592 S.W.2d 282 (Mo.App.1979); *State v. Dunn,* 577 S.W.2d 649 (Mo. banc 1979). Again we cannot say the conduct of the prosecutor

rose to the level of plain error. Rule 29.-12(b).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.