STATE of Missouri, Respondent,

v.

Mitchra HENDERSON, Appellant.

No. 47402.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 20, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1984.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant appeals his convictions, after a jury trial, of robbery in the first degree, § 569.020, RSMo (1978),[1] and assault in the first degree, § 565.050. He was found to be a persistent offender, § 558.016, RSMo (Supp.1983), and sentenced to consecutive thirty-year terms of imprisonment on each count. Defendant argues that the trial court erred in not dismissing the assault charge because of double jeopardy and erred in permitting improper cross-examination of defendant regarding a prior conviction. We reverse and remand.

---

1. All subsequent statutory references are to RSMo (1978) unless otherwise noted.

Defendant first alleges that the trial court erred in not dismissing Count II of the information, which charged him with assault. He maintains that the act of violence necessary to support his conviction of robbery in the first degree was prior to and coterminous with the taking of the victim's property, and that no separate act of assault occurred. Under his theory, his conviction of assault subjected him to double jeopardy in that he is being punished twice for the same offense.

Defendant's contention is, in effect, a challenge to the sufficiency of the evidence to support a separate conviction of assault. The controlling rule was set out in *State v. Richardson*, 460 S.W.2d 537 (Mo. banc 1970):

> If there is but a single act of force proved as an essential element of the crime of robbery, then such act of force cannot be availed of as constituting the separate crime of assault, but the rule is otherwise where the existence of the distinct elements as realities is established, as where the force relied on to establish assault occured after the robbery had been accomplished.

460 S.W.2d at 540 (quotation omitted).

■ Whether there are single or distinct acts is to be resolved on the facts of each case. *Thompson v. State*, 606 S.W.2d 263, 264 (Mo.App.1980). Here the evidence is sufficient to support a finding that a distinct act of assault took place after the robbery was completed.

■ The State's case rested largely on the testimony of the victim. He testified that on the night of the robbery he was with defendant and an accomplice. He was walking down the street ahead of the others with his back to them. He was shot twice in the back and then pushed to the ground. At this point the sequence of events becomes slightly clouded. The victim's pocket was ripped and his wallet was stolen and then he was shot a third time by the defendant. The victim's testimony indicates that this was the sequence, and therefore the State contends that the third shot was a separate assault occurring after the

robbery was complete. Defendant maintains that the victim never clearly and explicitly stated that the third shot was fired after the wallet was taken, and that the State therefore failed to prove a separate assault. While we agree that the victim's testimony is not a model of clarity as to the timing of that final shot, it sufficiently places the shot after the taking of wallet to make a submissible case on a separate charge of assault. Any further question on the timing of the last shot would have been one of fact for the jury. *See State v. Coles*, 604 S.W.2d 21, 23 (Mo.App.1980).

Since there was evidence to support a separate assault charge and conviction, we hold that the trial court properly denied the motion to dismiss that count. No other relief was requested of the trial court and no other claim of error concerning this point is advanced here for our review.

We turn now to defendant's second point.

Defendant testified on his own behalf. On direct examination he admitted that he had previously been convicted of attempted robbery in the second degree. On cross-examination the prosecuting attorney attempted to explore this conviction further, ostensibly for the purpose of impeaching defendant's credibility.

■ The use of a prior conviction to impeach a defendant who testifies is proper. § 491.050, RSMo (Supp.1983); § 546.-260; *State v. Turner*, 655 S.W.2d 710 (Mo. App.1983). The use of the prior conviction for a purpose beyond impeachment, such as to suggest guilt of the offense presently charged, is improper. *State v. Scott*, 459 S.W.2d 321 (Mo.1970). The State may prove the fact of conviction, the nature of the charge, place and date of the occurrence and sentence imposed. *Id.* The State may not, however, go into the details of that crime or dwell on the prior convictions. *State v. Sanders*, 634 S.W.2d 525 (Mo.App.1982). Improper use of prior convictions can rise to the level of reversible error. *Id.*

On cross-examination the prosecutor asked about defendant's prior conviction.

After revealing the place, date, and charge, the following exchange occurred:

Q [PROSECUTING ATTORNEY] That involved a weapon, didn't it?

A Huh?

Q That involved a weapon?

[DEFENSE COUNSEL]: I'll object to that as to the details of that offense.

THE COURT: Overruled.

Q [PROSECUTING ATTORNEY] You have a weapon in that?

A I didn't have no weapon.

Q You didn't have no weapon?

A No

Q There was a weapon involved.

A I didn't have no weapon.

Q Was there a weapon involved?

A (No response.)

Q Sawed-off shotgun?

A I didn't have no weapon.

Q Was there a sawed-off shotgun involved?

A I don't know if it was involved or not.

The State seeks to justify this line of questioning as a proper showing of the nature of the offense of which defendant had previously been convicted. We disagree.

■ The information by which defendant was charged alleged that he had previously been convicted of attempted robbery in the second degree. Defendant admitted a conviction for that offense on direct examination. So far as the record before us shows, that was defendant's only prior conviction. Robbery in the second degree does not include, as an element, the use of a deadly weapon. § 569.030. Indeed, the State recognizes that one of the distinguishing factors between robbery in the second degree and robbery in the first degree, § 569.020, is the use of a deadly weapon. Thus, the State's questions went beyond the mere nature of the prior offense. The questions were, at best, an improper exploration into the details of that crime. *State v. Sanders,* 634 S.W.2d at 525.

■ We are also concerned with the prosecutor's use of facts which could not be proven by the record of the prior conviction. Assuming the prosecutor had some basis in fact for his questions, the inquiry then went to proof of an offense for which defendant was never convicted. This type of evidence is inadmissible, even for impeachment, except under certain exceptions inapplicable here. *State v. Dunn,* 577 S.W.2d 649 (Mo. banc 1979). The trial court, therefore, erred in overruling the objection and allowing the prosecutor to follow this line of questioning.

■ Having found error, we now consider whether there was prejudice. Defendant was on trial for robbery and assault, where the victim was shot with a gun. The prosecutor's question implied that defendant had previously attempted robbery by use of a gun. "Questions about handling a gun ... when there is no proof of conviction, is [sic] not to be condoned when a defendant is on trial for robbery with a gun." *State v. Neistat,* 647 S.W.2d 907, 908 (Mo.App.1983). Further, the damage is inflicted by the mere asking of the question, even if the defendant answers in the negative. *State v. Dunn,* 577 S.W.2d at 653. Here, the prosecutor's cross-examination on whether there was a weapon involved in the prior offense, with the subsequent assertion that it was a sawed-off shotgun, prejudiced defendant by creating a likelihood that the jury would accept the prosecutor's assertions as true and misuse that information as evidence of defendant's guilt.

We therefore reverse both convictions and remand for a new trial.

KAROHL, P.J., and REINHARD, J., concur.