**STATE of Missouri, Respondent,**

v.

**Anthony CUMMINGS, Appellant.**

**No. 54627.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 19, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 25, 1989.

Joseph W. Downey, Public Defender, Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Debra M. Miles, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Appellant was convicted of second degree assault, § 565.060 RSMo.1986, and sentenced to seven years after a jury trial. We affirm.

Appellant was released from prison on June 1, 1987. Soon afterwards, he learned his wife was living with another man. On the morning of June 21, appellant arranged to meet the man, and then in the front yard of a house in south St. Louis, he repeatedly stabbed him in the back with a paring knife. When police later sought to question appellant, he fled into a building and tried unsuccessfully to hide on the roof. When police did question him he answered: "No comment." At trial appellant alleged he acted in self-defense. The state impeached appellant with his post-arrest silence without objection in cross-examination, in rebuttal, and in closing argument.

Appellant raises two points on appeal: 1) the court committed plain error by failing to grant sua sponte a mistrial when the prosecutor impeached appellant with his post-arrest silence; 2) appellant's counsel rendered ineffective assistance by failing to object to such impeachment.

It is a well-established principle that a criminal defendant who testifies may be impeached like any other witness. *State v. O'Neal*, 718 S.W.2d 498, 503 (Mo. banc 1986); *State v. Murphy*, 592 S.W.2d 727, 731 (Mo. banc 1980). Appellant contends the use of post-arrest silence as a method of impeachment violated due process and his right against self-incrimination as guaranteed by the U.S. and Missouri Constitutions.

The "use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving *Miranda* warnings, violate[s] the Due Process Clause of the Fourteenth Amendment." *Doyle v. Ohio*, 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49

L.Ed.2d 91 (1976). *Miranda* warnings contain an implicit assurance that silence will carry no penalty and it does not comport with due process to penalize a defendant by calling attention to his silence at the time of the arrest. *Greer v. Miller*, 483 U.S. 756, 762, 107 S.Ct. 3102, 3107, 97 L.Ed.2d 618 (1987).

■ This fundamental unfairness derives from the assurances in *Miranda* warnings. *Wainwright v. Greenfield*, 474 U.S. 284, 291, 106 S.Ct. 634, 639 n. 6, 88 L.Ed.2d 623 (1986). However, process is not violated by the impeachment use of silence before *Miranda* warnings, even if the defendant is under arrest. *Fletcher v. Weir*, 455 U.S. 603, 607, 102 S.Ct. 1309, 1312, 71 L.Ed.2d 490 (1982). The court in *Fletcher* expressly rejected the contention that an arrest, by itself, is government action which implicitly induces a defendant to remain silent. 455 U.S. at 606, 102 S.Ct. at 1311.

■ However, nothing in the record indicates, nor does appellant allege, that he was given *Miranda* warnings immediately upon his arrest. *Doyle* is readily distinguishable since it involves impeachment by using defendant's silence after *Miranda* warnings. 426 U.S. 610, 96 S.Ct. at 2241.

A defendant who testifies may be impeached by post-arrest, pre-*Miranda* warning silence. *Fletcher*, 455 U.S. 603, 102 S.Ct. at 1311. Our Supreme Court has also rejected appellant's argument:

> [U]nder Missouri law it is permissible for the state to use a criminal defendant's immediate post-arrest, pre-*Miranda* warning silence for purposes of impeaching his testimony when a neutral expectancy of an exculpatory statement exists as a result of a defendant's testimony and defendant's silence is probative of inconsistencies in that testimony.
>
> Because appellant's testimony raised a natural and reasonable expectation that he would have made an exculpatory statement at the time of his arrest, we believe the State's questions regarding appellant's silence at the time of his arrest as to the events of the day were probative of an inconsistency in his testimony at trial.

*State v. Antwine*, 743 S.W.2d 51, 69 (Mo. banc 1987).

Appellant's claim of self-defense raises a reasonable expectation that he would have made an exculpatory statement at the time of the arrest, to avoid suspicion that he initiated the altercation and to reduce the risk of parole revocation.

In *Antwine*, the Supreme Court declared the law of Missouri regarding the issue here asserted by appellant and we are constrained to follow this declaration. Article V § 2, Constitution of Missouri. Appellant's reliance upon *pre-Antwine* cases is misplaced. The trial court committed no error, plain or otherwise, in permitting the impeachment challenged by appellant.

■■ Appellant contends his counsel rendered ineffective assistance by failing to object to such impeachment. The proper means for asserting such a claim is a 29.15 motion. Based on our previous analysis, such objections would be meritless. Counsel is not ineffective for not making meritless objections. *Clark v. State*, 753 S.W.2d 67, 69 (Mo.App.1988).

Affirmed.

PUDLOWSKI, C.J., and SIMEONE, Senior Judge, concur.