**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Henry HILL, Defendant/Appellant.**

**Henry HILL, Movant/Appellant,**

v.

**STATE of Missouri,
Defendant/Respondent.**

**Nos. 58247, 59660.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 3, 1991.

Susan Lynn Hogan, Kansas City, Raymond Legg, Columbia, Elizabeth Robertina Brown, St. Louis, Public Defenders, for defendant, appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff, respondent.

CRANE, Judge.

Defendant, Henry Hill, was convicted by a jury of robbery in the first degree in violation of § 569.020 RSMo 1986 and armed criminal action in violation of § 571.015 RSMo 1986. He was sentenced to 15 years imprisonment on the robbery conviction and a consecutive term of five years on the armed criminal action conviction. Defendant filed a pro se 29.15 motion for post-conviction relief which was denied. His counsel did not file an amended motion. On appeal defendant contends the trial court erred in allowing him to be cross-examined at trial on his failure to inform police of his alibi and on whether his previous conviction for unlawful use of a weapon involved carrying a concealed handgun. He also contends his appointed counsel's failure to file an amended 29.15 motion constituted abandonment. We affirm the judgment of the trial court and remand the 29.15 proceeding to the motion court.

## DIRECT APPEAL

The sufficiency of the evidence to sustain defendant's convictions is not in dispute. The evidence disclosed that a man identi-

fied as defendant robbed an employee of a Shell service station at gunpoint. For his defense defendant testified that he was with his girlfriend at the time of the robbery. His girlfriend corroborated his testimony.

For his first point defendant contends that the trial court erred in allowing the state to cross-examine him about whether he informed the police subsequent to his arrest that he was with his girlfriend at the time of the robbery. He contends such questioning was an impermissible reference to his postarrest silence which violated his constitutional right against self-incrimination and allowed the jury to draw an impermissible inference of an admission of guilt by silence and implication. He further claims prejudice was heightened by the state's reference to defendant's postarrest silence during closing argument.

At trial defendant testified that he could not have committed the charged crimes because he was in bed asleep with his girlfriend, Monica Walker, at the time of the robbery. The prosecutor cross-examined defendant as follows:

Q. You testified that you first found out on November 11th that you had been identified as committing a robbery at the Shell station; is that correct?

A. That's correct.

Q. Who was the first person you told that you were with Monica that day in bed?

A. Who was the first person I told?

Q. Yes.

A. The lawyer.

Q. Okay. Was that Mr. Brayer?

A. Yes.

Q. So, you didn't tell any of the police officers?

DEFENSE COUNSEL: I'm going to object to this and ask that it be stricken and the jury to be instructed to disregard the question.

PROSECUTOR: Your Honor, if we can approach the bench.

THE COURT: It won't be necessary. I'll overrule the objection.

Q. (By Prosecutor): So, Mr. Brayer was the first person you told about Monica, you being in bed with Monica that day?

A. Yes.

Q. You never told the police officers; is that correct?

A. I never told the police.

Q. You never told the Richmond Heights Police officers that you were with Monica that time?

A. Because I really didn't want to talk to them until I seen an attorney.

Q. You never told them that?

A. No, I did not.

* * * * * *

Q. So now, let me try to understand this. The first person you told that you were with Monica was Mr. Brayer. When was that?

A. Okay. That was after I was appointed an attorney.

Q. Okay. So, that would have been a number of months after this happened, or this supposedly happened?

A. Yes.

Q. Now, you testified that you are on probation; is that correct?

A. Yes, sir.

Q. And being on probation you have to keep your nose clean. Is that a fair statement?

A. Yes, sir.

Q. But knowing that, you didn't tell the police that you were with Monica at the time; is that correct?

A. Yes, sir.

The record is silent as to when defendant was advised of his right to remain silent or whether he ever asserted this right.

 The state may not make use of a criminal defendant's postarrest silence where that silence is the result of an exercise of a defendant's constitutional right. *Doyle v. Ohio*, 426 U.S. 610, 618, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976). Where the state has induced silence by implicitly assuring a defendant that his silence would not be used against him, it is fundamentally unfair for the state to refer to that silence. *Fletcher v. Weir*, 455 U.S. 603,

605, 102 S.Ct. 1309, 1311, 71 L.Ed.2d 490 (1982). However, where that silence has not been implicitly occasioned by a *Miranda* warning, or by an express assertion of the Fifth Amendment right to silence, a state may permit cross-examination as to postarrest silence without violating due process when a defendant chooses to take the stand. *Id.* 455 U.S. at 607, 102 S.Ct. at 1312. "A State is entitled, in such situations, to leave to the judge and jury under its own rules of evidence the resolution of the extent to which postarrest silence may be deemed to impeach a criminal defendant's own testimony." *Id.*

■ Missouri allows the state to use a defendant's "immediate post-arrest, pre-Miranda warning silence for purposes of impeaching his testimony when a neutral expectancy of an exculpatory statement exists as a result of a defendant's testimony and defendant's silence is probative of inconsistencies in that testimony." *State v. Antwine*, 743 S.W.2d 51, 69 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). Where a defendant later offers an explanation for his conduct under circumstances suggesting he would naturally have given the explanation earlier, if true, his previous silence may be used for impeachment purposes if his silence was not the result of an exercise of a constitutional right. *State v. Willis*, 764 S.W.2d 678, 681 (Mo.App.1988). *Antwine* sets out current Missouri law. Cases pre-dating *Antwine* may not be relied on. *State v. Cummings*, 779 S.W.2d 10, 12 (Mo.App.1989).

■ Nothing in the record indicates that the defendant was given his *Miranda* warnings prior to the silence about which he was questioned. *See Cummings*, 779 S.W.2d at 12; *State v. Bollmann*, 813 S.W.2d 22, 24 (Mo.App.1991). Neither the prosecutor's questions to defendant nor the defendant's objection to them make clear whether the defendant was being asked about his post-*Miranda* or pre-*Miranda* silence.

The nature of defendant's alibi claim raises a reasonable expectation that he would have related it to police to avoid suspicion that he was the person who committed the robbery in question. *See Cummings*, 779 S.W.2d at 12. Also, since defendant was on probation at the time of the arrest, there is a reasonable expectation that he would have informed the police of this exculpatory information, if it were true, in order to avoid the risk of a probation revocation. *Id.* The trial court did not err in allowing the state to cross-examine him on the fact he had not advised police of his alibi. That being so, the state's brief reference to this matter in its closing argument did not prejudice defendant. Point I is denied.

■ For his second point, defendant asserts that the trial court erred in allowing the state to cross-examine him about whether his 1988 conviction for unlawful use of a weapon involved the carrying of a concealed handgun. Defendant argues that such evidence violated his constitutional right to a fair trial and due process of law. Defendant specifically alleges that such evidence was totally irrelevant and highly prejudicial to him because it was designed solely to prove he was guilty of the crime charged. This issue was not raised in defendant's motion for new trial and thus has not been preserved for appeal. *State v. Fowler*, 762 S.W.2d 540, 541 (Mo.App.1988); Rule 29.11(d).

Accordingly, we may only review for plain error. Under this standard "the plain error complained of must impact so substantially upon the rights of the defendant that manifest injustice or a miscarriage of justice will result if left uncorrected." *State v. Driscoll*, 711 S.W.2d 512, 515 (Mo. banc 1986); Rule 29.12(b).

At trial defendant admitted on direct examination that he had been previously convicted of unlawful use of a weapon. On cross-examination, the prosecutor further developed the nature of defendant's prior conviction as follows:

PROSECUTOR: Now, regarding the crime of unlawful use of a weapon in Perry County, that was by carrying a concealed weapon; is that correct?

DEFENSE COUNSEL: I'll object to—I'll withdraw my objection.

A. Do I—

PROSECUTOR: That was carrying a concealed weapon?

A. Yes, sir.

Q. That was a hand gun?

DEFENSE COUNSEL: I'll object. This is improper.

PROSECUTOR: Judge, I have case law, if you'd like to see it.

THE COURT: I'll overrule the objection. Let's continue.

PROSECUTOR: Thank you.

Q. You can answer that question, please.

A. Yes, sir.

■ The extent of cross-examination of an accused rests within the discretion of the trial court and we do not interfere unless that discretion is clearly abused. *State v. Manns*, 745 S.W.2d 768, 774 (Mo. App.1988). Further, the use of a prior conviction to impeach a defendant who testifies is proper. Section 491.050 RSMo 1986; *State v. Henderson*, 669 S.W.2d 573, 575 (Mo.App.1984). The state may prove the fact of conviction, the nature of the charge, place and date of the occurrence, and sentence imposed. *State v. Applewhite*, 771 S.W.2d 865, 869 (Mo.App.1989). The state may not, however, unduly emphasize a conviction, go into the details of the crime so as to aggravate it, or use the conviction to suggest guilt of the offense for which defendant is standing trial. *Id.*

■ At trial the prosecutor asked without objection if the conviction was for carrying a concealed weapon. Then, over objection, he asked if the concealed weapon involved in defendant's 1988 conviction was a handgun. This was a permissible inquiry into the actual nature of the crime because under the statute the crime of unlawful use of a weapon can be committed in various ways with various types of weapons, one of which involves carrying a concealed firearm. Section 571.030.1(1) RSMo 1986. *State v. Henderson*, on which defendant relies, is distinguishable. In *Henderson*, the prosecutor impeached the defendant with a previous conviction for attempted robbery in the second degree by inquiring as to whether appellant used a sawed-off shotgun during the robbery. *Id.* at 576. We reversed defendant's conviction because robbery in the second degree does not include, as an element, the use of a deadly weapon; therefore, the state's question went beyond the mere nature of the prior offense. *Id.* However, this defendant's previous conviction was predicated on a specific statutory provision which prohibited carrying a concealed firearm. The prosecutor simply elicited information about the nature of the prior crime. He did not dwell on it, explore details, or use the prior conviction to suggest guilt. The trial court did not plainly err in allowing the cross-examination. Point II is denied.

## POST–CONVICTION APPEAL

■ For his third point defendant asserts that the motion court erred in denying his pro se Rule 29.15 motion because his appointed counsel failed to file an amended motion and thus abandoned him in violation of Rule 29.15(e).

Rule 29.15(e), in relevant part, states: When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

Recently, our Missouri Supreme Court held that "where counsel determines that filing an amended motion is not warranted, counsel should make that determination part of the record." *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991). "A record that does not indicate whether appointed counsel made the determination required by Rule 29.15(e) creates a presumption that counsel failed to comply with the rule." *Id.*

The record does not indicate whether counsel complied with Rule 29.15(e). Accordingly, we remand this matter to the motion court for its determination of whether the failure to file an amended motion was due to the inattention of counsel or from the negligence or intentional conduct of defendant and for further proceedings as required by *Luleff.*

The judgment of the trial court is affirmed. The 29.15 proceeding is remanded to the motion court for further proceedings.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.