**STATE of Missouri, Respondent,**

v.

**Ronald K. WILDER, Appellant.**

**Ronald K. WILDER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 69108, 71295.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 3, 1997.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Assistant Attorney General, Jefferson City, for respondent.

Before RHODES RUSSELL, P.J., and SIMON and KAROHL, JJ.

PER CURIAM.

Defendant, Ronald Wilder, was charged, jury tried and convicted of four felonies. He appeals after sentencing. We review his direct appeal and his appeal after denial of Rule 29.15 post conviction relief without a hearing.

In point one defendant argues the trial court lost jurisdiction because it denied his federal and state constitutional rights to a speedy trial. That point is rejected because Wilder's position before trial was based entirely on the failure of the trial court to provide a trial within 180 days of his request for disposition of detainers authorized by § 217.460 RSMo 1994. Wilder failed to raise the constitutional issues until his motion for new trial. Constitutional issues must be raised at the earliest opportunity, otherwise they are waived. Moreover, Wilder's appellate argument does not refer to any procedural facts which would support an argument that constitutional speedy trial rights were violated. The lapse of time between charge and trial does not suggest any unconstitutional delay. The trial court did not lose jurisdiction. We have jurisdiction. Point denied.

In support of an argument for new trial defendant asserts:

THE TRIAL COURT ERRED IN OVERRULING DEFENSE COUNSEL'S OBJECTION TO THE PROSECUTOR'S PRESENTING EVIDENCE REGARDING RON'S FAILURE TO MAKE AN EXCULPATORY STATEMENT AFTER HIS ARREST, BECAUSE SUCH EVIDENCE VIOLATED RON'S RIGHT TO DUE PROCESS OF LAW AND PRIVILEGE AGAINST SELF–INCRIMINATION GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE MISSOURI CONSTITUTION, IN THAT THE PROSECUTOR WAS PERMITTED TO ASK RON DURING CROSS–EXAMINATION IF HE HAD TOLD POLICE OFFICERS OF HIS ALIBI AND RON ANSWERED THE QUESTION AFTER HIS ATTORNEY'S OBJECTION WAS OVERRULED.

Defendant testified that at the time of the commission of the charged crimes, between 11:00 a.m. and 12:00 p.m. on February 1, 1994, he was with a girlfriend at her home. The girlfriend also testified and corroborated his alibi.

During cross-examination of defendant, the following occurred:

Q. And you were arrested in [Ste.] Genevieve with a car with a stolen plate on it?

A. It had stolen plates on it. It had stolen plates, yes, it did.

. . . .

Q. At some point since February 1st, 1994—I mean, you knew what time this happened; you've seen three police reports, is that true?

A. Absolutely.

. . . .

Q. But on February 10th, when you were arrested in [Ste.] Genevieve, you knew that you had been at Rachel Johnson's house on February 1st?

[Defense Counsel]: Your Honor, may we approach at this time?

THE COURT: Overruled. Let's proceed here.

A. On February 10th when I was arrested?

Q. (BY [Prosecutor]) And they told you that you had been charged with this robbery and homicide.

A. They asked me. I didn't—

Q. When did you first find out—

A. —I didn't have any discussion with the police whatsoever. They arrested me. They took me to the county jail.

Q. When was the first time you found out that you had been charged with the robbery and homicide at the pawn shop on February 1st, 1994?

A. When I was at Ferguson. When I was in the Ferguson Police Department.

Q. At that time, did you tell the police officers of the Major Case Squad—

[Defense Counsel]: Your Honor, this is a comment on Ron's Constitutional rights.

THE COURT: Overruled.

Q. (BY [Prosecutor]) Did you tell the police to contact Rachel Johnson?

[Defense Counsel]: Same objection, your Honor.

THE COURT: Overruled.

A. No, I didn't.

Defendant preserved his objection in his motion for new trial. He alleged:

[t]he trial court erred during the state's cross-examination of Ronald Wilder in overruling defense's objection to the state asking Ronald Wilder whether he provided the police, after his arrest, with the names of alibi witnesses. Allowing the prosecutor to comment on Mr. Wilder's post-arrest silence prejudiced Mr. Wilder, and deprived him of his rights under the fifth, sixth, and fourteenth amendments under the U.S. Constitution, and under Article I, sections 2, 10, 15, and 18(a) of the Missouri Constitution.

■ The state has argued, generally, the trial court has discretion in controlling cross-examination and that control is reviewable only for abuse of discretion. It also has argued that when a defendant testifies, he may be cross-examined and impeached like any other witness. These general propositions are valid but do not apply to cross-examination of defendant on a subject that is protected by constitutional guarantees, particularly when there is a timely objection. Our Supreme Court held in *State v. Zindel*, 918 S.W.2d 239, 241–244 (Mo. banc 1996) that admission of a defendant's post-*Miranda* silence violated defendant's due process rights and that the violation is reviewable as a matter of plain error. In the present case defendant's issue is a matter of preserved error. During cross-examination of defendant, the prosecuting attorney attempted to establish for the jury that defendant was aware on February 10, when interrogated at the Ferguson Police Department, that the charged crimes occurred at a particular time. The question attributed defendant's knowledge to his review of police reports. Anticipating the course of the examination, defendant's counsel objected and requested an opportunity to approach the bench. The court rejected the request. It denied defendant an opportunity to make an offer of proof that the police reports referred to by the prosecutor contained an acknowledgment that defendant had been advised of his *Miranda* rights, on one or more occasions before the interrogation, and before defendant chose to remain silent.

The state has argued, and the defendant does not disagree, that

[t]he correct rule is that the State may not use a defendant's post-arrest silence, *following the receipt of Miranda warnings,* as either substantive evidence of guilt or for impeachment. *Fletcher v. Weir,* 455 U.S. 603, 607, 102 S.Ct. 1309, 1312, 71 L.Ed.2d 490 (1982); *Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976); *State v. Antwine,* 743 S.W.2d 51, 68–69 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988); *State v. Shaw,* 915 S.W.2d 775, 781 (Mo.App. W.D.1996); *State v. Anthony,* 857 S.W.2d 861, 868 (Mo.App. W.D.1993); *State v. Smith,* 824 S.W.2d 127, 130 (Mo.App. S.D.1992); *State v. Hill,* 823 S.W.2d 98, 100 (Mo.App. E.D. 1991); *State v. Stolzman,* 799 S.W.2d 927, 934 (Mo.App. S.D.1990); *State v. Cummings,* 779 S.W.2d 10, 11–12 (Mo.App. E.D.1989); *State v. Masslon,* 746 S.W.2d 618, 626 (Mo.App. E.D.1988).

Due process is not violated by the use of a defendant's pre-Miranda silence, even though the defendant is under arrest. *Fletcher,* 455 U.S. at 607, 102 S.Ct. at 1312; *Robinson,* 834 S.W.2d at 248.

By reply, defendant agrees,

[r]espondent correctly notes that references to a defendant's failure to make an exculpatory statement pre-Miranda are not errors of constitutional proportion. *Fletcher v. Weir,* 455 U.S. 603, 607, 102 S.Ct. 1309, 1312, 71 L.Ed.2d 490 (1982); *State v. Antwine,* 743 S.W.2d 51, 68–69 (Mo. banc 1987).

■ The trial court erred in overruling the objection without evidence to support a finding defendant's silence was pre-or post-*Miranda* and in denying defendant's request to make a complete record. Post-arrest silence is inadmissible, *Doyle v. Ohio,* 426 U.S. 610, 618, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976); *State v. Antwine,* 743 S.W.2d at 68–69 (Mo. banc 1987) *cert. denied; State v. Leonard,* 606 S.W.2d 403, 407 (Mo.App.1980). There is no dispute the silence occurred long after arrest by a different and remote police department and during interrogation. Over timely objection, the state was entitled to develop the silence issue only if it was pre-*Miranda.* The state offered no evidence to support a finding that defendant's silence was before or after *Miranda* warnings.

■ Defendant's other claims of error are rejected. He argues error in joinder, error in not severing his case from charges against a co-defendant, and error in admission of evidence. We have reviewed these issues and find they are moot or without merit. An extended opinion on these claims would have no precedential value. They are rejected. Rule 30.25(b). Error in admitting a photograph of victim's family, if it was error, was not prejudicial given the charges and previously admitted testimony of a witness which described, without objection, all the relationships depicted in the photo. If there is a retrial, the issue may be avoided. A Rule 29.15 issue, related to the remand issue, is moot.

The following may be helpful to the court and the parties. It is certain that the state had copies of police reports. The question attributing defendant's knowledge of the time of the charged crimes to his review of police reports established their relevance on the silence issue. Defendant has furnished this court with a copy of a three-page report that a Ferguson police officer filed on February 18, 1994, at 7:00 p.m. It was not a trial court exhibit and there is no evidence the trial court was ever told the substance of the report. It contains no relevant evidence on the charged crimes and was not admissible as an exhibit. The preparing officer recorded that the Ferguson Police Department received advice on February 10, 1994, that Ronald K. Wilder was in the custody of the Ste. Genevieve County, Missouri, Sheriff's Department. Two officers proceeded to Ste. Genevieve County for further investigation. They were advised as to the circumstances of Wilder's arrest at a rest-stop in Ste. Genevieve County in a "stolen vehicle." He was arrested for possession of a stolen vehicle and misdemeanor possession of drug paraphernalia and drugs. The relevant parts of the report are:

Wilder was subsequently released to these detectives and transported back to Ferguson.

Upon leaving Ste. Genevieve Wilder *was orally advised of [his] rights regarding custodial interrogation,* and *immediately* upon arrival at this Department Wilder *was again advised of his rights.* He replied that he did not wish to make a statement until after speaking to his attorney. (Our emphasis.)

■ The next statement in the police report describes delivery of "the facts of this incident" to the prosecuting attorney. The police report attached to the reply brief is accurate. Ferguson police officers advised defendant of his *Miranda* rights when they first took him into custody and before he was transported to the Ferguson Police Department. They repeated the *Miranda* recitation when he first arrived at the department. The state's cross-examination was intended to, and effectively did, present to the jury defendant's failure to advise the Ferguson police officers of his alibi, as evidence his alibi testimony was not credible. If the report accurately reflects that defendant's silence during interrogation was after *Miranda* warnings and assertion of rights, and that the prosecutor was so informed, then as a matter of plain and preserved error the charged crimes must be retried. *State v. Zindel,* 918 S.W.2d 239 (Mo. banc 1996).

■ We considered this issue in *State v. Hill,* 823 S.W.2d 98 (Mo.App.1991). In *Hill,* the record was silent as to whether or when defendant was advised of his right to remain silent or whether he ever asserted that right. *Hill* did not involve a delay between time of arrest by one police department and subsequent interrogation by another. Hill did not object to the cross-examination on constitutional grounds. We noted that there was nothing in the record to indicate defendant was given *Miranda* warnings prior to his silence in not asserting an alibi defense to the police. We observed that the nature of Hill's alibi claim raised a reasonable expectation he would have related it to the police to avoid suspicion that he was the person who committed a robbery. We also observed that because Hill was on probation at the time of his arrest, there was a reasonable expectation he would have informed the police of the exculpatory information to avoid risk of pro-

bation revocation. In discussing Hill's claim the trial court erred, we observed *State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988), sets out current Missouri law. Cases pre-dating *Antwine* may not be relied on. *State v. Hill,* 823 S.W.2d at 101. *Antwine* allowed the state to use defendant's "immediate post-arrest, pre-Miranda warning silence for purposes of impeaching his testimony when a neutral expectancy of an exculpatory statement exists as a result of defendant's testimony and defendant's silence is probative of inconsistencies in that testimony." *State v. Antwine,* 743 S.W.2d at 69.

In the present case defendant's silence was not during "immediate post-arrest," it occurred during interrogation, the objection was founded on constitutional grounds and the trial court rejected defendant's request to approach the bench and detail an objection to the anticipated use of post-arrest silence and preserve for the record that his silence occurred *after Miranda* warnings. There was no evidence to support a finding the next few questions after the objection would offer evidence of pre-*Miranda* silence. There was never any evidence of pre-*Miranda* silence. In the absence of such evidence or proof of circumstances a person would be likely to speak, the ruling on the constitutional objection was erroneous. It would be very unusual for the interrogation at the Ferguson Police Department to have occurred pre-*Miranda.* The prosecutor's questions referred to police reports which defendant saw and which were known to counsel. The existence and timing of *Miranda* advice could have been resolved by reference to the available reports when the timely objection was made.

Our Supreme Court has reversed and remanded for new trial as a matter of plain error on a similar issue because of manifest injustice. *State v. Zindel,* 918 S.W.2d at 241–244. The Ste. Genevieve arrest on serious charges and the transfer to St. Louis County, with attendant delay, marks a difference between *Antwine* and *Hill* and this case. Defendant Antwine turned himself in and testified he did that for the stated pur-

pose of offering his explanation of innocence. *Miranda* warnings were unnecessary and his silence on the relevant issue was probative. The facts in *Hill* and the absence of a constitutional objection are also different.

We remand to the trial court for a factual determination on the issue whether defendant's silence during the Ferguson Police Department interrogation on February 10, 1994, was pre- or post-*Miranda*. The trial court shall file with this court within 90 days of the hand-down date of this opinion, or such additional time as may be allowed, a copy of its findings of fact and conclusions of law on the issue of whether defendant's silence on the existence of an alibi was pre-or post-*Miranda*. All other claims of trial court error are denied or denied as moot.