STATE of Missouri, Respondent,

v.

Andrew N. WALLACE, Appellant.

No. WD 53513.

Missouri Court of Appeals,
Western District.

Sept. 30, 1997.

Andrew A. Schroeder, Asst. Public Defender Office, Kansas City, for Appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

SPINDEN, Judge.

Andrew N. Wallace appeals the circuit court's judgment convicting him of trafficking drugs in the second degree. He contends that the circuit court committed plain error by not declaring a mistrial after the state argued that Wallace was not a credible witness because he did not tell the police his "story" when he was arrested. He also complains that the circuit court erred in overruling his request for a mistrial or for a curative instruction in regard to a police officer's testimony that he thought Wallace could be charged with "prowling." We affirm.

Wallace does not contest the sufficiency of the evidence. The evidence established that on February 10, 1995, Wallace possessed more than six grams of "crack" cocaine and that he was aware of the presence and illegal nature of the cocaine.

◼ In his first point, Wallace contends that the circuit court plainly erred in not declaring a mistrial *sua sponte* because of the state's closing argument. During closing argument the prosecutor said:

> Now, in determining the believability of the witnesses, the defendant got up on the stand and testified. He said the same thing, I was there at that house playing dominoes. Well, he never said that to the police at the scene. He went down to the station. He never said that to any of the detectives down there. He never told that story to anybody until today, when he got up there and he told you guys that story.
>
> It took him over a year to think of a story to tell you. I mean, the story is not even plausible.... The defendant told you he had never seen the crack cocaine. I don't believe that at all.

Wallace asserts that the prosecutor's remarks constituted an improper comment on his post-arrest silence and violated his rights to not incriminate himself, to be represented by counsel, to due process of law and to a fair trial.

◼ Because Wallace did not object to the argument at trial, we can review it only as plain error pursuant to Rule 30.20. We decline to review the matter. "[U]nless a claim of plain error *facially establishes* substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,' this Court will decline to exercise its discretion to review for plain error under Rule 30.20." *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc)(quoting Rule 30.20)(emphasis added), *cert. denied*, — U.S. —, 116 S.Ct. 679(1995). Wallace's claim does not facially establish substantial grounds for our believing that he has been the victim of manifest injustice.

The Supreme Court has instructed that relief should be granted on an assertion of plain error as to matters contained in closing argument only under extraordinary circumstances. *State v. Silvey*, 894 S.W.2d 662, 670 (Mo. banc 1995). In *State v. Clemmons*, 753 S.W.2d 901, 907–08 (Mo. banc), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988), the Supreme Court said, "A court should rarely grant relief on assertions of plain error as to closing argument.... This is because, in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." We do not discern extraordinary circumstances in this case.

◼ Indeed, "under Missouri law it is permissible for the State to use a criminal defendant's immediate post-arrest, pre-*Miranda* warning silence for purposes of impeaching his testimony when a neutral expectancy of an exculpatory statement exists as a result of a defendant's testimony and defendant's silence is probative of inconsistencies in that testimony." *State v. Antwine*, 743 S.W.2d 51, 69 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). " 'Where a defendant later offers an explanation for his conduct under circumstances suggesting he would naturally have given the explanation earlier, if true, his previous silence may be used for impeachment purposes if his silence was not the result of an exercise of a constitutional right.' " *State v. Smith*, 824 S.W.2d 127, 130 (Mo.App.1992) (citation omitted). The record does not establish that officers had given Wallace his *Miranda* warnings during the pertinent period in his case. If a defendant's pre-*Miranda* silence may be used for impeachment purposes, we discern no plain error in the state's commenting upon it during closing argument.

Wallace relies on *State v. Mabie*, 770 S.W.2d 331 (Mo.App.1989), to support his contention that his silence could not be used as evidence against him. We recognize that in *Mabie* this court held that "[t]he law is clear in this State that the silence of a defendant while under arrest is not admissible against him[.]" *Id.* at 334. The *Mabie* court relied on *State v. Roth*, 549 S.W.2d 652 (Mo. App.1977), *State v. Benfield*, 522 S.W.2d 830 (Mo.App.1975), and *State v. Stuart*, 456 S.W.2d 19 (Mo. banc 1970). These cases

categorically prohibited the use of a defendant's post-arrest silence for any purpose. Those cases, however, pre-dated the *Antwine* decision and seem to be in conflict with *Antwine. See Smith,* 824 S.W.2d at 130; *State v. Hill,* 823 S.W.2d 98, 101 (Mo.App.1991); *State v. Cummings,* 779 S.W.2d 10, 12 (Mo. App.1989). To the extent that *Mabie* can be read to prohibit the use of a defendant's post-arrest, pre-*Miranda* warning silence for impeachment purposes, it is in conflict with *Antwine* and should not be followed.[1]

■ Wallace also contends that the circuit court erred in overruling his request for a mistrial or for a curative instruction when Officer Gary Eastwood testified that, when he first saw Wallace, he thought he could be charged with "prowling" because it looked like Wallace was getting ready to break into the house. Wallace argues that this testimony constituted inadmissible evidence of uncharged misconduct. We disagree.

■ "Proffered evidence will run afoul of [the rule that a defendant has the right to be tried only for the offense for which he or she is charged] if it shows that the defendant has committed, been accused of, been convicted of or definitely associated with another crime or crimes." *State v. Hornbuckle,* 769 S.W.2d 89, 96 (Mo. banc), *cert. denied,* 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). The defendant bears the burden of showing that the challenged testimony constituted evidence of other crimes. *State v. Simms,* 859 S.W.2d 943, 945 (Mo.App.1993).

In addition to the portion of Eastwood's testimony complained about by Wallace, Eastwood testified that another person at the scene verified that Wallace knew the people who lived at the house and that he had seen Wallace there on several occasions. Eastwood's police report confirmed that Wallace was "friends of one of the parties at the residence." Wallace also told Eastwood that he was friends with the owner of the house. The owner of the house also testified that Wallace had just left his house when he was

stopped by police and that Wallace was not trespassing.

The record, therefore, established that, notwithstanding Eastwood's suspicions, Wallace was not in the process of committing any crime immediately prior to his arrest for the trafficking of drugs. Eastwood's testimony, therefore, could not be construed as evidence of other uncharged crimes or misconduct. Wallace's contention is without merit.

We affirm the judgment of the circuit court.

ULRICH, C.J., P.J., and HOWARD, J., concur.

---

1. The *Mabie* court did not cite *Antwine* in its decision even though *Antwine* had been handed down more than a year earlier.