**STATE of Missouri, Respondent,**

v.

**Ronald K. WILDER, Appellant.**

No. 69108.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 4, 1997.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before RHODES RUSSELL, P.J., and SIMON and KAROHL, JJ.

PER CURIAM.

On June 3, 1997, we decided *State v. Wilder,* 946 S.W.2d 760 (Mo.App. E.D.1997). Neither party filed a motion for rehearing or transfer.

We remanded to the trial court solely "for a factual determination on the issue whether defendant's silence during the Ferguson Police Department interrogation on February 10, 1994, was pre- or post-*Miranda.*" On June 30, 1997, the clerk of this court forwarded an order to the trial court "for further proceedings in accordance with this court's opinion delivered June 3, 1997." On August 20, 1997, the trial court held an evidentiary hearing. Thereafter, the court filed findings of fact and conclusions of law. On the only relevant issue after remand, the court found defendant's silence during police interrogation concerning an alibi was post-*Miranda.* It also found that at trial the assistant prosecuting attorney knew defendant's silence was post-*Miranda.* The relevant findings and conclusions of the trial court are: (1) defendant was arrested by Sergeant Crump and Officer Dohack in Ste. Genevieve County for possession of a stolen vehicle and a misdemeanor possession of drugs; (2) "Subsequent to his arrest he was read *Miranda* rights by Officer Dohack"; (3) when Detective Bortz and Lieutenant Robertson of the Ferguson Police Department went to Ste. Genevieve to pick up defendant they were introduced to him "and informed him he was under arrest for sus-

pect homicide and he was advised of his rights"; (4) upon defendant's arrival at the Ferguson Police Department "he was advised of his *Miranda* rights"; (5) "when asked if he wanted an attorney and he stated he did, the interview of the defendant ceased"; and, (6) during the trial, the assistant prosecuting attorney who prosecuted the case, knew defendant's silence on the matter of alibi was post-*Miranda.*

■ Accordingly, during defendant's cross-examination, the prosecution could not use his post-*Miranda* silence to support an inference that his alibi defense was fabricated. During trial, the court allowed the prosecution to cross-examine defendant about his silence. The court did not know his silence was an exercise of his right to remain silent. It refused defendant's request to approach the bench on his objections, thereby denying him an opportunity to support his objections as being based on post-*Miranda* silence. The prosecuting attorney knew, but did not inform the court that defendant's silence was after *Miranda* warnings. As a matter of plain and preserved error we must remand for a new trial. *State v. Zindel,* 918 S.W.2d 239 (Mo. banc 1996).

After remand, the trial court also considered the possibility that overruling the objection to the cross-examination was not error because defendant waived his Fifth Amendment right to remain silent. That issue was never before the trial court during the trial and was not an issue on appeal. The sole issue on remand was a determination of whether the state deprived defendant of his constitutional right to remain silent by making reference to his post-arrest silence which occurred after the defendant had been advised of his *Miranda* rights to remain silent.

■ Further, the state's contention that the cross-examination was permissible because defendant offered a "surprise alibi" was not before the trial court after remand. The purpose and scope of the remand did not include any issues not before the trial court during the trial or this court on appeal. The state did not argue at trial, or on appeal, a justification or waiver. Such arguments would have depended upon a prior disclosure that defendant's silence followed *Miranda* warnings. No such disclosure was made, and the state's failure to disclose allowed the court to make an uninformed ruling admitting prohibited evidence. The error is not merely a matter of trial court discretion reviewable for abuse. The state may not impeach a defendant on a subject that is protected by constitutional guarantees, particularly when there is a timely objection. We so held in the original opinion. *Wilder,* 946 S.W.2d at 762.

Defendant has now filed a motion to remand for new trial. He alleges the circuit court found defendant was silent after *Miranda* warnings were given, and the prosecutor knew of this fact when he employed questions invading defendant's right to remain silent during a police interrogation. The state's suggestions in opposition include a recognition that "appellant's silence about which the prosecutor questioned him at trial was, in fact, post-*Miranda.*" The state suggests that the issue of prejudice remains and must be decided before remand. The violation of defendant's right to remain silent is a matter of manifest injustice. The knowing misuse of defendant's post-*Miranda* silence denied defendant a fair trial. *Zindel,* 918 S.W.2d at 241–244. The issue of prejudice, subject to the timing issue, was decided in the earlier opinion. Defendant's motion is sustained. We reverse and remand for a new trial.